NICOLL and others *v.* NICOLL.

A judgment for costs will not be off-set against another judgment so as to divest the lien of the attorney for costs, in the first mentioned judgment. The court will protect such lien.

*February* 15, 1836.

*Attorney.*
*Judgments.*
*Set-off.*

Question : whether judgments could be set-off, so as to destroy the attorney's lien for his costs ?

In the month of February one thousand eight hundred and twenty-nine, a judgment had been obtained by the complainants, executors of Nicoll, against Richard F. Nicoll, the defendant herein, for sixteen thousand nine hundred and sixty-five dollars and ninety-five cents damages and costs ; and which judgment formed part of the estate of their testator and belonged to his residuary legatees and devisees Ann W. Nicoll, Glorianna M. Nicoll and Arabella J. F. Nicoll.

In May Term one thousand eight hundred and twenty-nine Richard F. Nicoll obtained a judgment in ejectment against the said devisees ; and the costs were taxed at one hundred and sixty-six dollars and eighty-nine cents. Richard F. Nicoll had become insolvent and had never paid his attorney those costs.

Bill now filed to restrain the collecting of costs upon the judgment in ejectment ; and to compel a set-off, as far as they would extend, against the first mentioned judgment.

An injunction had been granted by the injunction-master ; and a motion was now made, upon bill and answer, to dissolve it.

Mr. *Charles B. Moore,* for the motion.

Mr. *W. N. Dyckman Jr.* for the complainants.

THE VICE-CHANCELLOR :—This motion may be considered as coming from the attorney of the plaintiff in the ejectmen

suit (the defendant here) ; and the question is whether there can be a set-off to the exclusion of the attorney's lien for his costs ?

Upon hearing this motion, I was under the impression that the courts always looked to the lien of the attorney and refused to allow a set-off to his prejudice. But, Chancellor Kent, in *The Mohawk Bank* v. *Burrows*, 6 J. C. R. 317, followed the practice of the court of Common Pleas in England and the doctrine, as he thought, of the chancery there and sanctioned a settlement between parties without regard to the lien of the attorney or solicitor. I am satisfied, however, after looking into all the cases upon the subject, that a different rule is now establised in this court. Chancellor Walworth, in *Dunkin* v. *Vandenbergh*, 1 Paige's C. R. 622, appears to me to hold the right doctrine. He says " it has repeatedly been decided in the Supreme Court that the attorney's lien will prevent one judgment from being set-off against another in such manner as to deprive him of his costs"; and refers to *Cole* v. *Grant*, 2 Caine's R. 105, and *Devoy* v. *Boyer*, 3 J. R. 247 for the rule which prevails in the King's Bench in England, in preference to the contrary rule of the Common Pleas, which Chancellor Kent, in the *Mohawk Bank* v. *Burrows*, (6 Johns. Ch. R. 317) supposed from what had been said in *Porter* v. *Lane* (8 Johns. R. 357) to be the doctrine of our Supreme Court, and he remarks that Chancellor Kent, in coming to that conclusion, had evidently overlooked the cases of *Cole* v. *Grant* and *Devoy* v *Boyer*. It is a little remarkable that the present Chancellor, while detecting Chancellor Kent in this oversight, of cases, should himself have not seen or noticed the case of *Cooper* v. *Bigalow* (1 Cowen, 206.) Here, the Supreme Court seems to have gone upon the same rule which governs the practice of the Common Pleas in England; and to have lost sight of the previous decisions in *Cole* v. *Grant* and *Devoy* v. *Boyer*.

The case was this : Cooper had a judgment against Bigalow and Searls for one hundred and twenty-four dollars and sixty-eight cents, whereon they were imprisoned under a *ca. sa.* Bigalow had a verdict of six cents against Cooper

1836.

NICOLL
v.
NICOLL.

and Henry for an assault and battery, on which the plaintiff was entitled to full costs. On account of the imprisonment of Bigalow and Searls in satisfaction of the debt, the court had refused to allow the set-off, (see 1 Cowen, 56) ; but when it finally came up, both Bigalow and Searls having been discharged from imprisonment under the insolvent act, the court granted the set-off without regard to the attorney's lien or right to the costs.

This contrariety of decision in the Supreme Court upon the same point, sometimes following the King's Bench in England and then again the Common Pleas rule and practice, and the apparent collision in the views of the late and present Chancellor, would be extremely embarrassing to me did I not feel myself bound to follow the latter. *Dunkin* v. *Vandenbergh* is a sufficient and controlling authority for this court and the principles there laid down appear to be just and equitable in relation to the attorney or solicitor. Costs are made up of fees allowed by law for services which the attorney or solicitor and the other officers of the court perform at his instance, and which he either disburses in the progress of the suit or becomes personally liable for. It may, therefore, be said, they belong to the attorney or solicitor. He has a lien for them upon the papers and property of the client which come to his hands, so long as he choses to retain possession.

When the costs are included in a judgment, his equitable interest in the judgment to that amount remaining unpaid to him by his client is, at least, equal to any equity of the opposite party in a set-off of a separate and independant debt ; and to this may be added his legal right to controul the payment of such costs to him by giving notice not to pay them to his client and by issuing execution upon the judgment. (*St. John* v. *Diefendorf*, 12 Wend. 261.)

But if a set-off of the judgments were proper in this case, why was not the application made to the Supreme Court? There surely was no necessity for filing a bill here. I am not, however, to dispose of the merits of the case upon this motion. The complainants, perhaps, will see the propriety of voluntarily dismissing their bill; and if they shall think proper, can still make their application to the Supreme Court.

Injunction dissolved.