STUYVESANT v. DAVIES.

Costs in ejectment (for premises embraced by the bill) against the defendant, who was insolvent, allowed, on motion, to be set off against costs due to the latter on the dismissal of the bill.

THE complainant was landlord of premises of which the leases were vested in the defendant, who had under-let and was insolvent. An action of ejectment had been commenced against the latter by the former; and the present bill was filed to enjoin the sub-rents. An injunction to this effect had been granted; but, on an appeal, the chancellor decided against the order for an injunction.

*April* 6, 1842.

*Practice.*
*Set off.*
*Costs.*

The complainant succeeded in his action of ejectment; and taxed his costs therein against the defendant at eighty-one dollars and forty-five cents.

The complainant then dismissed his suit in this court; and costs were taxed against him at seventy-four dollars and seventy cents.

An application, by motion, founded on an affidavit, was now made, on behalf of the complainant, to set off costs, on the ground, principally, of the insolvency of the defendant.

Mr. *Rutherford,* for the motion.

Mr. *Judah,* contra.

THE VICE-CHANCELLOR :—The simple facts presented by the affidavit on the part of the complainant entitle the complainant to make a set off of the costs adjudged to him in the action of ejectment, against the costs awarded in this court, more especially since the decision of *Nicoll* v. *Nicoll*, in the court of Errors, 16 Wend. 446 ; and it is competent fort his court to make an order, on motion, for that purpose, the complainant who makes this motion being the party against whom

*June* 14.

costs have been granted in this court and the proceedings to enforce payment of which this court has a right to control: *Dunkin* v. *Vandenbergh*, 1 Paige's C. R. 624. Nor do I perceive that the facts presented in the opposing affidavits essentially vary or take away this right of set-off. I must grant the motion.