## SUPREME COURT.

JOHN M. MARTIN agt. CORNELIUS KANOUSE and ANDREW S. GARR.

Where an *action* is brought for the purpose of setting off a judgment owned by the plaintiff, against a judgment for costs in favor of the defendant against the plaintiff, the *attorney's lien* for costs on the latter judgment cannot be protected or let in to obstruct the set-off. It is otherwise where a *motion* is made to set off judgments. In the latter case, the courts proceed without the statute; but in the former they are within it and must obey it.

TRIAL by the court.

*Plaintiff's statement of facts.* This action was commenced

against Kanouse alone, and grew out of another action against him, begun in the New-York court of common pleas, in September, 1845, to recover a bill of costs and counsel fees from Kanouse, of which bill a copy is annexed to the copy of the complaint now in the hands of the court in this case.

An application was made on behalf of Kanouse, to the court of common pleas, to remove that cause into the United States circuit court, which was denied, and the plaintiff had judgment therein by default. The proceedings in the court of common pleas to remove the cause into the United States court were then removed into the supreme court by writ of error for review, and afterwards, under an act for that purpose, the suit in error, with others, was removed into the superior court, where the judgment of the common pleas was affirmed. (*See Kanouse agt. Martin,* 3 *Sandf. S. C. Rep.* 593.)

After much litigation in the court of appeals and elsewhere, the judgment of the superior court was removed into the supreme court of the United States by writ of error, where the judgment of the superior court was reversed with costs (15 *How. U. S. Rep.*); for which costs a judgment against Martin *as defendant in error*, for $382.71-100, was entered in the superior court, on or about the 20th day of May, 1854.

Meanwhile, the bill of costs on which the original suit was brought had become *worthless*, Kanouse having become insolvent in 1848.

Nevertheless, Mr. Garr carried on the litigation in the interim, *notwithstanding the insolvency of his client*, the result of which was, that Martin *lost his debt* against Kanouse, and Kanouse *got a judgment* against Martin for costs, which *Garr, who made them*, now claims by virtue of his lien as attorney.

On or about the 11th of August, 1854, and before Martin had notice of any claim by Garr to Kanouse's judgment, except *under his lien as attorney*, Martin purchased a judgment of Bleecker & Oothout, against Kanouse, for $362.87-100.

On the 22d of December, 1854, Martin filed a complaint in this action in the nature of a suit in equity against *Kanouse only*, for a set-off under the statute. (2 *R. S.* 345, § 12 [18] ;

Martin agt. Kanouse.

*ibid*, 174, § 40; 10 *Paige*, 319; 11 *id*. 517; 1 *Monroe*, 194.) (*As was done in Nicoll agt. Nicoll* [*court of errors*], 16 *Wend*. 448), and for equitable relief on the ground of the *non-residence* and *insolvency* of Kanouse.

On the 20th of February, 1855, Kanouse, by Garr as his attorney, demurred to a part of the complaint and answered the residue—Garr swearing to the answer—in which Kanouse sets up Garr's lien on the judgment as attorney, but does not pretend that Garr had any other claim to it.

The demurrer was stricken out as frivolous and an order entered about the 10th of April, 1855.

On the 31st of October, 1855, the plaintiff amended his complaint by making Andrew S. Garr a party defendant, in *obedience to an order* of this court *procured by Garr*.

On the 17th of December, 1855, Garr served a copy of his separate answer.

On the 4th of August, 1856, Garr amended his separate answer. On the 3d of September, 1856, Martin filed his *reply*.

Mr. Garr's case, therefore, rests solely on his equity *under his lien*, as to which (*see Nicoll agt. Nicoll*, 16 *Wend*. 446; *The People agt. N. Y. Common Pleas*, 13 *Wend*. 647, *and other cases cited on plaintiff's points, herewith submitted*).

JOHN M. MARTIN, *plaintiff in person.*
ANDREW S. GARR, *for defendants.*

DAVIES, Justice. If I were hearing this matter upon a motion, I should certainly protect, to the extent this court has always protected, the equitable lien of the attorney. The cases where this has been done are numerous, and proceed on the principle that the court, in the exercise of its equitable powers, will protect the attorney's lien. And the rule prevailed as well in courts of law as in equity. (*Dunkin agt. Vandenburgh*, 1 *Paige*, 622, *and cases there cited; Gihon agt. Fryatt*, 2 *Sand. S. C. Rep.* 638; *Sweet agt. Bartlett*, 4 *id*. 661; *Nash agt. Hamilton*, 3 *Abbot P. Rep.* 35; *Peckham agt. Barcalow, Lalor's Sup. to Denio*, p. 112; *Stevens agt. Hyers*, 2 *Whit. Pr.* 255.) These, and

.Martin agt. Kanouse.

numerous other cases which might be cited, are all upon mo-
tion. And in such cases as is said in *Gihon* agt. *Fryatt*
(2 *Sand.* 638), "When the question arises on pleadings
in a suit, the rules of *law* must govern, but where the applica-
tion is to the discretion of the court we will decide it as shall
be just."

And the same court say in *Sweet* agt. *Bartlett* (4 *Sand.* 661),
"whatever the rule in the supreme court might be, they had
determined, in *Smith* agt. *Lowden* (1 *Sand.* 196), they would
establish such a practice as would be consistent with equity
and justice. That they had determined to sustain the lien of
the attorney, whenever it could be done *without infringing
upon the statute of set-off,* and that when his right to the costs
was established, they would protect it so far as they could,
because, however the matter might be technically, the costs
were in reality his property." But, as was observed by COWEN,
Justice, in *Nicoll* agt. *Nicoll* (16 *Wend.* 448), "the practice of
the courts is one thing, while each is left to prescribe rules for
the orderly conduct of its own business, a different question
arises when they are called upon to apply the *statute of set-off.*"
In *Gridley* agt. *Garrison* (4 *Paige,* 647), a bill was filed to set-
off judgments, the effect of which would have been to de-
prive the attorney of his lien. The bill, so far as it affected the
attorney's lien, was dismissed with costs. The chancellor held
that the attorney had an equitable lien for his costs, independ-
ent of and long previous to the assignment of the judgment
to him for costs by his client, in fact, from the commencement
of the suit, which lien was paramount to any claim of set-off
in another suit, and he refers to *Dunkin* agt. *Vandenburgh,*
*cited supra.*

But it seems to me, that the question presented in this case
is conclusively setted by the court of errors in *Nicoll* agt.
*Nicoll* (16 *Wend.* 446). That case is in all respects like the
present, being upon a bill filed in chancery to set-off a judg-
ment previously recovered against a subsequent one recovered
for costs. The solicitor claimed his lien and resisted the set-
off. The court of errors distinctly overruled the case, before

Martin agt. Kanouse.

the chancellor, of *Dunkin* agt. *Vandenburgh*, and *Gridley* agt. *Garrison*, and held that the set-off must prevail. The justice who delivered the opinion of the court says, " when we come to a bill filed on a trial at law, there is no discretion. On motion, the court proceed without the statute. On bill filed on a trial at law, they are within it, and must obey it. * * * No case can be produced where, on a bill filed, this lien has been let in to obstruct a set-off, until *Gridley* agt. *Garrison*, decided by the present chancellor (4 *Paige*, 647). *Equitas sequitur legem*, whether the set-off be within the words or the spirit of the act. (*Hyler* agt. *Okey*, 13 *Ves.* 180.) The rules of practice are many times arbitrary, but when a statute comes in, there is a common principle by which all courts must abide."

This is the emphatic decision of the highest court in this state, exactly in point. It is the law of the state and by which all courts must abide, until changed by legislative enactments, or questioned or overruled by that court. I do not find that its authority has been weakened by any subsequent decision of that court.

This authority does not seem to have been adverted to in *Ainslie* agt. *Boynton* (2 *Barb. S. C. Rep.* 268), where a contrary ruling would seem to have been made.

I must, therefore, hold, in conformity with the decision of the court of errors, that the plaintiff is entitled to have the judgment, held by him against the defendants, set-off against the judgment of the defendants against him.

Judgment for the plaintiff accordingly, with costs.