## Hurst v. Sheets and Trussell et al.

1. **Attorney:** LIEN. Under the statute the lien of attorney upon moneys in the hands of an adverse party attaches only from notice to such party; and where the right to set off a judgment recovered in one action against that recovered in another between the same parties arises before such notice, it is superior. As to whether a different rule would apply in cases in which notice was first given, quere.

*Appeal from Wapello District Court.*

TUESDAY, DECEMBER 18.

ATTORNEY'S LIEN: SET-OFF: PRIORITY BETWEEN. — The original petition in this case was by Hurst against Sheets, and Trussell assignee of Sheets, to compel defendant Sheets, and his said assignee, who held a judgment against plaintiff, to allow as a set-off thereon a judgment which plaintiff held against Sheets prior to the assignment by the latter to Trussell.

It was adjudged in this court that the plaintiff was entitled to have this set-off allowed. *Hurst* v. *Sheets and Trussell*, 14 Iowa, 322.

T. B. Perry, Esq., an attorney at law, prior to the disposition of the cause, filed his petition as intervenor,

alleging, in substance, that Sheets was his client; that he rendered services for him in the litigation against Hurst, and out of which Sheets' judgment against Hurst arose; that he has filed his lien, and claiming that any right which Hurst has to set off his judgment against the judgment of Sheets, is subject to the lien of the intervenor as the attorney of Sheets.

The cause was submitted to the District Court upon certain admissions and evidence, and that court found the facts, and decreed as follows:

| | |
|---|---|
| "S. J. HURST <br> *v.* <br> "DANIEL SHEETS, ANDREW TRUS- <br> SELL, T. B. PERRY, as Intervenor. | *In the Wapello District Court, at the November Term,* 1865. |

" Be it remembered, that on the trial of this cause, which was submitted to the court on certain agreements and admissions of the parties, and the evidence in the case, the court found the following as all of the facts in the case, and which are now preserved as such and of record, that is to say: That on the 8th day of June, 1860, the defendant Sheets recovered in this court a judgment against the complainant, S. J. Hurst, for $216.07, with costs of $48.85, and that on the same day, but in point of time before the entering or rendition of the judgment of Sheets, the said Hurst recovered also in this court a judgment against said Sheets for $158.80, with costs, $15.15; that after the rendition of these several judgments, and on the same 8th day of June, 1860, the said Sheets assigned his judgment to said Trussell, and the said Perry filed his said lien. That at the time of said assignment, on said 8th day of June, 1860, by Sheets to Trussell, the said Sheets was totally insolvent, and said Trussell had full knowledge of his insolvency. That after

the rendition of the said judgment, the said Perry, an attorney of this court, filed his lien on the judgment of Sheets against Hurst, for forty dollars due from Sheets to him for professional services rendered to him in said case. That on the 10th day of July, 1861, the defendant in this case caused to be issued, by the clerk of this court, on the judgment of Sheets against Hurst, an execution directed to the sheriff of Wapello county, commanding him to make the whole amount of the judgment, against which the said Hurst tendered his said judgment against Sheets as an offset *pro tanto*, and offered to pay the balance and enter satisfaction of his said judgment against Sheets, which tender and offer were refused by the said sheriff and by the said defendants herein. That afterward and upon said execution said Hurst paid to the said sheriff the whole balance due on said execution, principal, interest and costs due on his judgment against Sheets, being sufficient to pay off all costs, and seventeen dollars and sixty cents of Perry's lien."

Upon these facts and none others, the court rendered the following decree : It is therefore ordered, adjudged and decreed by the court that the judgment of the said Hurst be and the same is hereby applied as a credit *pro tanto*, upon the said judgment against him in favor of said Sheets, and the said judgment against the said Sheets is hereby declared satisfied in full. It is therefore ordered, adjudged and decreed by the court, that notwithstanding the payment of the full balance due from the said Hurst on the said judgment against him to the sheriff on said execution, the said Hurst shall pay to the said Perry on his said lien against Sheets, the further sum of twenty-two dollars and forty cents, and that plaintiff herein recover his costs against the said Sheets, and the said Trussell, and that the intervenor, Perry, recover his costs against plaintiff Hurst, and that in

default of the payments under this decree execution or executions issue as on ordinary judgments at law.

"H. H. TRIMBLE, *Judge.*"

"December 15, 1865.

From this decree Hurst appeals, but *complains thereof* only so far as it established the rights of the intervenor (Perry) to be superior to his (Hurst's) right of set-off, thereby compelling him to pay Perry $20.40, when after deducting the amount of his judgment, he had already paid the *full amount* of the judgment obtained by Sheets.

*Hendershott & Burton* for Hurst (appellant).

*Perry & Townsend* for Perry (intervenor).

DILLON, J.—The general question presented by this record and the only one argued by counsel, is, whether the right to set off the sum recovered in one action against that recovered in another between the same parties, is superior to the lien of the attorney for services.

1. ATTORNEY: lien.

Hurst obtained his judgment against Sheets the same day (June 8th) on which Sheets obtained his judgment against Hurst. In point of time, the judgment in favor of Hurst was first rendered. Perry was the attorney of Sheets, and procured his judgment for him. His services and the reasonableness of his charge therefor are not disputed. Nor is it controverted that Sheets was insolvent. It is settled, as against Sheets, that Hurst has the right to have the set-off allowed to the full amount of his judgment. *Hurst* v. *Sheets and Trussell*, 14 Iowa, 322. And the question is, whether this right of Hurst to have the set-off allowed against Mr. Perry's client, equally obtains against Mr. Perry's lien as an attorney?

Aside from statute provisions controlling it, the question would be attended with no little difficulty, particularly if it should be attempted to be settled upon authority. Where, on the one hand, there is no statute expressly giving an attorney's lien, and yet where the courts, both at law and in equity, recognize in practice such lien; and where, on the other hand, there are no statutes allowing mutual or cross judgments to be set off as a matter of *legal* right, the question whether, under such circumstances, an attorney's lien does or does not affect the equitable right of set-off (for in such case the right to set-off is *equitable* only) has been variously decided by the different courts in England and in the States of this country. It is a question on which the Common Pleas in England held in favor of the set-off, while the King's Bench held in favor of the attorney's lien. *Vaughan* v. *Davis*, 2 H. Bl., 440; *Mitchell* v. *Oldfield*, 4 T. R., 123. The Court of Chancery in England was, perhaps, not uniform in its practice; but if to be regarded as settled at all in that court, the rule was in favor of restricting the lien of the attorney to "the clear balance which is the result of equity between the parties." *Ex parte Rhodes*, 15 Vesey, 541; *Taylor* v. *Popham*, Id., 71; followed in this country by Chancellor KENT, in *Mohawk Bank* v. *Burrows*, 6 Johns. Ch. R., 317; but see 1 Sim. & S., 226.

This variety in the practice in England, led, in 1832, to a *rule* of the twelve judges, whereby, for the sake of uniformity, the practice of the King's Bench was adopted and extended to all courts, giving to the lien of the attorney preference over the equitable right of set-off. This, it will be seen, was simply a rule of practice, not a matter settled and fixed by *statute*. *Nicoll* v. *Nicoll*, 16 Wend., 446, and authorities cited by COWEN, J.

In this State, the right to set off one judgment against another is not simply equitable, to be allowed or not,

according to circumstances. But it is, where the judgments are between the same parties, a matter of *legal right*, and no court, either of law or equity, has any discretion to disallow the set-off in any case within the statute. *Ballinger* v. *Tarbell*, 16 Iowa, 491; *Crockett* v. *Isett*, Id.; *Burtis* v. *Cook & Sargent*, 16 Id., 194; *Isett* v. *Lucas*, 17 Iowa, 503.

So, too, the statute gives an attorney a lien, in certain cases, and this lien, in the cases where it is given, is also a matter of legal right. Rev., § 2708. This statute does not give the attorney a lien upon a judgment as a judgment, but "upon money in his (the attorney's) hands belonging to his client, and *upon money due to his client and in the hands of the adverse party*, in an action or proceeding in which the attorney was employed, *from the time of giving notice of the lien to that party.*" Rev., § 2708.

Under this, the attorney's lien, as against the adverse party, exists only *from the time of giving him notice of the lien*. This is clear. And this fixes the time of the commencement of the lien. Now, in the case at bar, the attorney gave no *personal* notice, verbal or written, of his lien to the adverse party. The judgment in favor of the adverse party existed anterior to the judgment against him in favor of the attorney's client, and anterior to any notice (conceding, for the argument, that, from the time Hurst knew of the written notice of the attorney of his lien, which notice was pasted in the judgment docket, he would be bound by it) which he had that the attorney claimed a lien. His right of set-off existed and was matured prior to the existence of the attorney's lien, as this latter lien exists only "from time of *giving* notice of the lien to the adverse party." Rev., § 2708.

The lien of the attorney is upon what? The statute answers: It is "upon money due his client in the hands

of the adverse party " at the time of *notice given* by the attorney, to that party, of his lien.

In this case, what money was due his client from Hurst? No greater sum, it seems to us, than his client, at the time notice of the lien was given, could, by law, enforce against and collect from Hurst. The attorney, as to the amount due his client, stands in his client's shoes.

As Hurst had a matured and adjusted set-off against the client at and before the attorney notified him of his lien, this right of set-off could not be defeated by such subsequent notice.

Aside from this view, many of the cases liken the attorney's lien to a chose in action, making it subject to all rights and equities attached to it in favor of others. *Martin* v. *Hawks*, 15 Johns., 405; *Welsh* v. *Hale*, Doug., 238; Id., 97; *Reed* v. *Dupper*, 6 T. R., 360.

If this be the correct view, then if the attorney had taken an assignment of the judgment from his client, this assignment would have been subject to the right of Hurst to set off his judgment against the assignee equally as he could have done against the assignor. Rev., §§ 1796, 2760, 2880, clause 6; *Ballinger* v. *Tarbell*, *supra*, and cases there cited.

We decide this case upon the ground that the right of set-off was complete, and the amount ascertained and fixed, at and *before* the time the lien of the attorney commenced, as it began only from the time Hurst had received notice.

If the client of the attorney had obtained his judgment first, and the attorney had given notice to the adverse party of his lien prior to the time when the adverse party obtained his judgment against the client, this might require the adoption of a different rule. But upon this question we give no opinion. See *Mohawk Bank* v. *Burrows*, 6 Johns. Ch., 317.

The rule we have adopted fixes the rights of the attorney as against the adverse party, from the time notice is given of the lien. After notice received, the adverse party cannot pay the client and thus deprive the attorney of his lien. Nor can he, after notice received, acquire claims against the attorney's client and thereby defeat the lien.

Upon the general subject of attorney's lien and the right of set-off as connected therewith, see, in addition to the cases above cited: *Porter* v. *Lane*, 8 Johns., 357; *Dunkin* v. *Vandenberg*, 1 Paige, 622. Compare *Nicoll* v. *Nicoll* (in Court of Errors), 16 Wend., 446, overruling *S. C.*, 2 Edw. Ch., 574; *Talcott* v. *Bronson*, 4 Paige, 501; *Gridley* v. *Garrison*, Id., 647; *Andrews* v. *Morse*, 12 Conn., 444; *Benjamin* v. *Same*, 17 Conn., 113; *Ripley* v. *Bull*, 19 Id., 53; *Mitchell* v. *Oldfield* (giving rule in K. B.), 4 Term R., 123; *Hall* v. *Ody* (giving rule in C. B.), 2 B. & Pull., 28; 4 Id., 22.

The decree in favor of the intervenor is reversed and his petition dismissed.

