JULIA SCHWARTZ, AS EXECUTRIX, AND AUGUST FALKER, AS EXECUTOR OF, &c., OF LEOPOLD SCHWARTZ, DECEASED, RESPONDENTS, v. EDWIN S. JENNEY AND OTHERS, APPELLANTS.

*Lien of an attorney for general professional services—when one to whom a cause of action is assigned, before judgment, for a pre-existing debt, takes subject thereto.*

While the defendants were, as attorneys for one Levi, prosecuting an action brought by him upon a promissory note, Levi assigned his interest therein to the plaintiffs' testator. The only consideration for the assignment, which was drawn by one of the defendants, was a pre-existing debt due from Levi to the assignee.

*Held*, that the defendants had a lien upon the proceeds of the judgment recovered in the action, not only for their services rendered therein, but also for their general account for professional services rendered to the assignor, and that the rights of the assignee were subject thereto.

APPEAL from a judgment in favor of the plaintiffs entered on the report of three referees.

The action was brought by the plaintiffs, as executors of, etc., of Leopold Schwartz, deceased, to recover certain moneys collected by the defendants upon a judgment recovered in a suit brought by them as the attorneys of one Levi, upon a promissory note indorsed

by one Seymour. While the suit was pending, and before judgment therein, Levi assigned his interest in the note to Schwartz, the plaintiffs' testator, in consideration of a pre-existing debt held by Schwartz against Levi. The assignment was drawn by one of the defendants, and it recited that the note was then in suit. On the trial the defendants claimed a lien upon the money collected by them, for general professional services rendered by them for Levi, as well as for their services in the suit on the note. The referees held that the lien of the defendants was limited to the services and disbursements in the particular suit.

*W. C. Ruger,* for the appellants. An attorney has a lien upon all papers, securities and money in his hands, belonging to his client, for his services, not only in the particular action to which such papers, &c., relate, but for any services rendered by him for such client before or while such papers, &c., were in his possession. (*Bowling Green Sav. Bk.* v. *Todd,* 52 N. Y., 489 ; *McPherson* v. *Cox,* 6 Otto, 404 ; *In re Hatch & Van Allen,* 18 L. J., 214 ; *Richards* v. *Platet,* Cr. and Ph., 458 ; *Anonymous,* 12 Mod., 554 ; *Hughes* v. *Mayre,* 3 T. R., 275 ; *Mitchell* v. *Oldfield,* 4 T. R., 122 ; *Read* v. *Dapper,* 6 T. R., 362 ; *Worrall* v. *Johnson,* 2 Jac. and Walker, 214 ; *Turwin* v. *Gibson,* 3 Atk. 720 ; Merrifield on Attorneys (ed. of 1830), 227 ; Story on Agency, § 383 ; 2 Kent Comm., 640 ; Maugham on Attorneys, p. 303 (ed. 1825) ; Dawson on Attorneys, 136 ; *Stevenson* v. *Blakelock,* 1 Maule & Selwyn, 535 ; *Exp. Nesbitt,* 2 Sch. & Lefroy, 278 ; *Hollis* v. *Claridge,* 4 Taunt., 807 ; *St. John* v. *Diefendorf,* 12 Wend., 261, *Ward* v. *Syme,* 9 How. Pr., 16. ; *Brown* v. *Mayor,* &c., 11 Hun, 25 ; *Stewart* v. *Flowers,* 44 Miss., 514 ; *McDonald* v. *Napier,* 14 Ga., 89 ; *In re Paschal,* 10 Wall., 483 ; *McPherson* v. *Cox,* 6 Otto, 404 ; *In re Hatch & Van Allen,* 18 Alb. L. J., 214, Opinion by Ch. J. Waite.)

*C. G. Baldwin* and *Cornelius E. Stephens,* for the respondents. The lien of an attorney upon a judgment recovered by him, in the absence of notice, extends only to the taxable costs in the suit. (*Marshall* v. *Meech,* 51 N. Y., 140 ; *Haight* v. *Holcomb,* 16 How. Pr., 173 ; *Firmenich* v. *Bovee,* 1 Hun, 532 ; *Pulver* v. *Harris,* 52 N. Y., 73.)

SMITH, J.:

Had Levi continued to own the note until judgment was obtained and collected, his attorneys would have had a lien on the money for their services and expenses in that suit, and also for their general account. Attorneys and solicitors have a general lien upon the papers of their clients, in their possession, for the balance of their professional accounts (2 Kent Comm., 640), and an attorney's lien extends to the funds recovered by him, as well as to the client's papers. (Id.)

The lien of the attorney, as between himself and his client, is not to be confounded with a mere right of set-off. Lien has been defined as a right by the *possessor* of property to hold it for the satisfaction of some demand. As against Levi, the defendants had the right to retain possession of the note in suit, and, after it ripened into judgment, of the money which they collected upon it, until their claim against him for professional services was satisfied.

The only question in the case, is whether their right was affected by the transfer of the title to the note from Levi to Schwartz, before judgment. The consideration of the transfer was a pre-existing debt, owing by Levi to Schwartz. It does not appear that the debt was discharged, or any security surrendered. The note remained in the possession of the defendants, and they continued the prosecution of the suit upon it, with the knowledge of Schwartz, and with his concurrence. Schwartz took the title to the note, knowing that a suit upon it was in progress, and his title, I think, was subject to the then existing lien of the attorneys, for professional services, rendered by them to his assignor, not only in that particular suit, but also on general account.

The circumstance that one of the defendants drew the instrument of transfer is immaterial. The defendants are not estopped thereby from setting up their lien. Schwartz, as has been seen, parted with nothing in consideration of the transfer, and he purchased subject to the equities existing between Levi and his attorneys. Had he paid value, and purchased in ignorance of the relation existing between Levi and the defendants in respect to the note, the case would have been materially different.

The rule that a *bona fide* settlement or payment by the opposite

party, before judgment and without notice of the attorney's lien, will prevail against the lien, has no application to this case. Neither has the rule that the attorney's lien upon a judgment yields to the opposite parties right of set-off. (*Nicoll* v. *Nicoll*, 16 Wend., 446.) The rights of persons litigating with the client, are not involved here. The question is between the attorneys and their client's assignee, not a purchaser for value, and in my opinion the defendants have a lien for their general account existing at the time of the transfer. (See *Bowling Green Savings Bank* v. *Todd*, 52 N. Y., 489.)

The judgment should be reversed, and a new trial ordered before one or more other referees, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.