LAWRENCE ENNIS, APPELLANT, v. LAWRENCE A. CURRY, ABNER C. THOMAS AND EDWARD P. WILDER, RESPONDENTS.

*Lien of an attorney under section 66 of the Code of Civil Procedure, as amended in 1879.*

*Semble*, that under section 66 of the Code of Civil Procedure, as amended in 1879, the attorney for a defendant, in whose favor a judgment for costs has been entered upon the dismissal of the complaint, acquires a lien thereon for his compensation, which is superior to the right of the plaintiff to set off a prior judgment in his favor, whether he seek to enforce such right upon a motion or by an action.

APPEAL from an order made at Special Term, denying a motion to restrain the defendants during the pendency of this action, from

taking any steps towards collecting a judgment for costs, recovered by them in another action, brought against them by the plaintiff.

*S. B. Bunnell*, for the appellant.

*E. P. Wilder*, for the respondents.

DAVIS, P. J.:

This is an action to compel the set-off of a judgment recovered by the plaintiff against the defendant, Lawrence A. Curry, o          ¹⁰ 1877, against a judgment recovered by said defendant against the said plaintiff on November 14, 1879. The latter judgment was recovered wholly for costs awarded on the dismissal of the complaint, in an action brought by the above-named plaintiff against the above-named defendant. The first judgment, with interest, is large enough to extinguish the second. The defendant Curry is wholly insolvent. The motion is resisted by the respondents, Thomas and Wilder, who were attorneys for the defendant in the action, on the ground that they have a lien for their costs and services, the amount of which has been established, by proceedings on a reference to ascertain the same, taken in the Court of Common Pleas, where the judgment was recovered, to be nearly the full amount of the judgment.

The appellant made his motion in the court below for an order restraining the collection of the judgment against him, until the determination of the rights of the parties in the action. The court denied the motion.

The right of set-off of judgments was given by part 3, chapter 6, title 2, section 18 of the Revised Statutes.

It seems to have been well settled, under that statute, that whenever the right of set-off is sought to be enforced by action brought for that purpose, the lien of the attorney must yield to the statutory right, the courts holding in substance that such right of set-off was superior to the attorney's lien, and making a plain distinction between motions and actions brought for the purpose of set-off. (*Nicoll* v. *Nicoll*, 16 Wend., 446; *Smith* v. *Lowden*, 1 Sandf., 696;

*Gihon* v. *Fryatt*, 2 Id., 638; *Martin* v. *Kanouse*, 17 How. Pr., 149; *Brooks* v. *Hanford*, 15 Abb. Pr., 345; *Prouty* v. *Swift*, 10 Hun, 232.) There is no question in this case but that the attorneys have a lien to the amount established by them in the Court of Common Pleas; but according to the authorities above cited, that lien in an action of this character must give way to the statutory right of the plaintiff. The attorneys had no assignment of the judgment before the right of set-off, and for that reason did not come within the exceptional cases. (*Perry* v. *Chester*, 53 N. Y., 240; *Prouty* v. *Swift, supra.*)

The provisions relating to counter-claims (sections 500 to 509 inclusive, of the Code of Civil Procedure) were apparently intended as a substitute for the provisions of the Revised Statutes above referred to; and Mr. Throop, in his notes to section 502, says: "It will be noticed that this section contemplates the abolition of the word 'set-off' as a description of a legal remedy, and the substitution of the word 'counter-claim' in all cases where the defendant interposes a cross demand, whether it accrued originally against the plaintiff or against the person whom he represents." With the exception of the name "counter-claim" instead of "set-off," the provisions of the Code above cited, and of the statute, are substantially to the same effect. The authorities applicable to the statute would apply with equal force to the several sections of the Code.

But there is another section of the Code of Civil Procedure which seems to have an important bearing upon the question. Section 66, as amended in 1879, provides as follows: "The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action or counter-claim which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment."

The effect of this section is, we think, to establish the lien of

an attorney, in all cases coming within its language, to a verdict, report or decision in his client's favor as well as to the judgment that may be subsequently entered; and the result of that provision must necessarily be that the lien becomes superior to the right to set-off a prior judgment in favor of the opposite party, by whatever remedy the right may be sought to be enforced. A strict construction of the language of the section would, however, limit the lien to his client's cause of action, if he were for the plaintiff, or to the counter-claim if he were for the defendant, and would attach it to a verdict, report, decision, or judgment in his client's favor recovered either upon such cause of action, or upon such counter-claim. In this case the complaint was dismissed. No counter-claim was established, and no recovery was had upon any counter-claim, but a judgment for costs only was ordered in favor of the defendant. What has been sometimes called the equity of a statute, ought, it seems to us, to extend the provisions of this section of the Code to a recovery merely of costs upon the dismissal of a complaint, in which case the attorney not only has a lien, under the well-settled rules of the court, but is not bound to give notice of his lien for the purpose of protecting his rights. This question will be far better determined, however, in the trial of the action in this case, and it ought not, perhaps, to be prejudged by our decision upon this motion. It would have been better, we think, for the court to have restrained the collection of the judgment for costs pending the action, upon the plaintiffs giving proper security for their payment in case the right were decided adversely to them; and we think the better disposition of this appeal is to reverse the order of the court below, and to grant the order restraining the collection, upon filing a bond with sufficient surety, and to direct that the costs of the motion below and of this appeal, besides disbursements, abide the event of the action, to be allowed to the successful party therein.

BARRETT, J.:

I express no opinion as to whether the dismissal of a complaint is within the equity of section 66 of the Code of Civil Procedure. Otherwise I concur.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, and order to be entered as directed in opinion.