## Brewerton *against* Harris and Harris, jun.

Where a judgment of reversal had been obtained in this court, of a judgment in the court of common pleas, and a restitution awarded, and afterwards a second judgment obtained in a new action between the same parties, in the common pleas, the judgment of reversal in this court was not allowed to be set off, against the second judgment in the common pleas. The latter court has power to make the set off

* It is supposed before his discharge.

FROM the affidavits in this case it appeared that *William Brewerton*, in 1799, recovered judgment in the court of common pleas for the county of *Washington*, against *Moses Harris* and *Moses Harris*, jun. on which judgment a *capias ad satisfaciendnm* issued, on which the defendants were taken in execution and paid the amount, being the sum of eighty dollars. Error was brought on that judgment into this court, and the judgment was reversed and a restitution of the money, paid by the defendants below, was awarded.

On the judgment of reversal in this court, a *capias ad satisfaciendum* was issued against *Brewerton*, on which he was taken and remained in prison, until he was discharged by the act for giving relief in cases of insolvency.

A new action was afterwards, *commenced in the same court of common pleas by *Brewerton*, against the same defendants, on the same contract, and for the same cause for

which the first action was brought and judgment obtained. In the second action, a verdict was found for the plaintiff for thirty-two dollars and six cents damages, on which a judgment was entered up for eighty-eight dollars and forty-five cents, damages and costs, which judgment remains unsatisfied.

*Russell,* in behalf of the defendants, now moved to have the eighty dollars paid by them on the first judgment below, set off and deducted from the amount of the second judgment in the court of Common Pleas, and that the plaintiff there should not be allowed to receive more than the balance of eight dollars and forty-five cents, or, in other words, that the *judgment of reversal and restitution* in this court, should be set off against the judgment in the court of Common Pleas.

*Shepard,* contra, objected, that these were judgments in different courts,* and read an affidavit stating that the contract on which the first judgment was obtained in the court below, had been previously assigned by *W. Brewerton* to *Cornelius V. Brewerton,* for a full and valuable consideration, and that the former had no interest whatever in the judgment. He observed, also, that the attorney had a *lien* on the judgment for his costs, which could not be included in the set off. *Cole* v. *Grant,* 2 *Caines,* 105. 2 *Blacks.* 867, 869, 871. 4 *D.* & *E.* 123.* He contended that this court ought not, in this summary way, to interfere with the proceedings of the court of Common Pleas.

*Russell,* in reply. The court of *King's Bench* has allowed a judgment in a *mayor's court* to be set off against a judgment in that court. Costs in one court have been allowed to be set off against costs in another court.† The parties are before this court, which has control of its suitors, and may see that justice is done between them. If no authority could be adduced exactly in point, still this court has an equitable power to extend the doctrine of set

ALBANY,
Feb. 1806.

Brewerton
v.
Harris and
Harris.

* *Mitchell*
v.
*Oldfield.*

† 2 *Bos.* & *Pull.*
29 *Hall* v. *Ody.*

---

* In *Schemerhorn* v. *Schemerhorn,* 3 *Caines,* 190, a judgment in the court of common pleas was allowed to be set off against a judgment in this court.

ALBANY,
Feb. 1806.

Heaton
v.
Ferris.

\* Barker
v.
Braham.

off. This case differs from that of *Cole* v. *Grant*, and the court ought not to protect the attorney as to his costs.

*Per Curiam.* The court of Common Pleas has power to set off these judgments, and they would, we have no doubt, make the deduction, on application to them for that purpose. For this court to order *Brewerton* to deduct eighty dollars from his last judgment below, and take out execution for eight dollars and forty-five cents only, would be, at least, an inconvenient interference with that judgment. Such an order could be enforced only by attachment. The case in 3 *Wilson*, 396,\* shows that the Common Pleas have the power to make the set off now requested.

Rule refused.