1829.

Dunkin
v.
Vandenbergh.

*DUNKIN *v.* VANDENBERGH.

A party against whom a decree for costs has been made will not be permitted to off set against such costs a decree or judgment in his favor in relation to a distinct matter, to the prejudice of the solicitor's lien.[1]

But where different claims arise in the course of the same suit, or in relation to the same matter, they may be arranged and off set agreeable to equity without reference to the lien of the solicitor.

The solicitor's lien is only on the clear balance due to his client after all the equities arising out of that particular litigation are settled.[2]

The Court of Chancery will not on motion allow a debt which is not ascertained by judgment or decree to be off set against a decree for costs, to the prejudice of the solicitor's lien: although the validity of the debt is admitted by the client.

The power of the Court of Chancery to off set one judgment or decree against another, on motion, is the same as that of the common law courts. But on a bill filed for an off set, the jurisdiction of the Court of Chancery is more extensive than that of the common law courts.

October 6th.    THE complainant filed a bill in this cause to set aside an assignment made by the defendant, who was insolvent, as fraudulent. After the defendant had put in answer, the bill was dismissed, with costs for want of prosecution. The complainant then applied to set off a note which he held against the defendant, and which by his answer he had admitted to be due, against the costs taxed in this suit. The application was resisted by the solicitor for the defendant, upon the grounds that the whole costs belonged to him; that the defendant was unable to pay him any thing, and that he had himself been obliged to pay the costs of an insufficient answer to the adverse party, to enable his client to make a proper defence to this suit.

*J. S. Van Rensselaer* for the complainant:—The attorney's or solicitor's lien for costs is subject to all the equities

[1] See *Gridley* v. *Garrison*, 4 Paige, 647; but see *Nicholl* v. *Nicholl*, 16 Wen. 446.

[2] *Pope* v. *Armstrong*, 3 Smeed & Marshall, 214.

existing between the parties as to set-off. The bill in this cause was dismissed upon the motion of the complainant, with costs. A set-off is allowed against the costs of the opposite attorney in all cases except where the damages are unliquidated. The solicitor's lien for costs only extends to the clear balance resulting from the equity between the parties. *In England the rule as to set-off against an attorney's costs in the King's Bench is different from that in the Common Pleas. The Court of Chancery there has adopted the Common Pleas' rule. (*Vaughan* v. *Davies*, 2 H. Black. 440.) In *Gurish* v. *Donvan*, (2 Atk. 166,) costs of the solicitor of one of the parties was set off against a judgment for damages and costs recovered at law against his clients. In *Taylor* v. *Popham*, (15 Ves. 79,) Lord Eldon held, that where different demands arise in the same cause, the costs shall be adjusted as the equities between the parties require, without considering the solicitor's lien. (*Ex parte Rhodes*, 15 Ves. 541. The Supreme Court have adopted the rule of the English Common Pleas. *Potter* v. *Lane*, 8 John. R. 357.) In Chancery a set-off is matter of right. (*Simpson* v. *Hart*, 14 John. 68.) In the case of *The Mohawk Bank* v. *Burrows*, (6 John. Ch. R. 317,) Ch. Kent said, that if the debt of the defendant to the complainant had been admitted, it would have been set off against the costs of the defendant's solicitor. In this case he debt of the defendant is admitted by him in his answer.

*C. Y. Lansing*, contra, cited 2 Cowen's Rep. 174; *Mohawk Bank* v. *Burrows*, (6 John. Ch. R. 317.) He contended he had brought himself within the principle laid down in 6 John. Ch. R. 317 ; that the attorney's or solicitor's lien for costs recovered, will not be suspended, or satisfaction delayed, until an unliquidated claim of the opposite party can be ascertained and a balance finally struck between the parties. The debt of the defendant in this case had not been ascertained and settled by a judgment. It remained unliquidated. And to allow it to be set off against the

1829.

Dunkin
v.
Vandenbergh.

[*623]

*1829.*

*Dunkin*
*v.*
*Vandenbergh.*

costs of the defendant's solicitor, would be going beyond all the cases cited on the other side.

THE CHANCELLOR :—On a bill filed in this court for a set-off, the powers of this court are more extensive than those of courts of common law where a set-off is claimed there in the ordinary progress of a suit. But on applications of this kind I apprehend the ground on which relief is granted is the same in all courts. It is the equitable control which they *are authorized to exercise over the parties and proceedings in causes before such courts, to prevent injustice. Hence one court will not order a party against whom a judgment has been obtained, to deduct the amount from a judgment which he has obtained against the adverse party in another court, but will leave such adverse party to apply to the court where the judgment against himself had been obtained, and which court alone has power to control the proceedings on that judgment. (*Brewerton* v. *Harris and Harris*, 1 John. Rep. 144; *Lessee of Underwood* v. *Courtown*, Irish Term. Rep. 427.) I am not aware of any case in which a set-off has been allowed on motion, either in this court or in a court of law, except where the demand claimed to be set off against the judgment or decree of the adverse party was judicially determined or settled by the order, judgment or decree of some court of competent jurisdiction. The demand which the complainant claims to off set against this decree for costs, is nothing but a promissory note on which no judgment or decree has passed. Although the answer admits the defendant's indebtedness, which might have been conclusive against him in this suit, this cause is now at an end. In the suit now pending in the Supreme Court on the note, the defendant will still be at liberty to plead the illegality of the consideration set up in his affidavit on this motion. Independent of the solicitor's lien, I think the note is not a proper subject of set off against this decree for costs.

But as the other question is now before me, I will dispose

[*624]

of that also. It has repeatedly been decided in the Supreme Court that the attorney's lien will prevent one judgment from being set off against another in such a manner as to deprive him of his costs. (*Cole* v. *Grant*, 2 Caines' Rep. 105; *Devoy* v. *Boyer*, 3 John. Rep. 247.) In this respect that court has followed the rule of the King's Bench in England, which differs from that of the Common Pleas. But I should regret to see the same difference existing between the practice of the Court of Chancery and the Supreme Court here. The rule should be the same in all courts, as there is no difference in principle. It is supposed by the counsel for the complainant from an expression of the Supreme Court in \*_Porter_ v. _Lane_, (8 John. R. 357,) that the judges intended to adopt the practice of the Common Pleas in England in opposition to that of the King's Bench. But on examination it will be found that case did not depend on the question upon which the two courts in England differ. That question is whether the costs in different and independent suits can be off set against each other to the exclusion of the attorney's lien. As to that the practice of the English Common Pleas differs from that of all other courts, and is in direct opposition to the decisions of the Supreme Court in *Cole* v. *Grant*, and *Devoy* v. *Boyer*, before referred to. But the question which arose in *Protter* v. *Lane*, was whether the lien of the attorney could interfere with the equitable rights of the parties in the same suit or matter. In this respect the practice adopted by the Supreme Court is in conformity to that of the King's Bench in England, as well as to that of the Common Pleas. (*Howell* v. *Harding*, 8 East's Rep. 362.) The same rule also prevails both in the English and Irish Courts of Chancery. In *Shine* v. *Gough*, (2 Ball & Beatty, 33,) Lord Maaners adopts the rule laid down in the case of *Taylor* v. *Popham*, (15 Ves. 79.) In that case Lord Eldon says, " where different demands arise in a cause, the costs should be arranged as the equities between the parties require, with-

[\*625]

out considering the solicitor." And in the case of Bryant, (1 Mad. Rep. 49; 2 Rose's Cas. 237, S. C.,) the party in whose favor the costs of a petition was granted, was not permitted to release them to the prejudice of the solicitor's lien, though the consideration of such release was the discharge of a debt due to the adverse party, before such costs accrued. And surely if the party could not voluntarily release them upon such a consideration, he ought not to be permitted to do the same thing indirectly by confessing a judgment for that debt and having the same off set.

The question in all these cases is, what is equitable and just between the parties and the attorney or solicitor? Where different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equitable and just that these equities should be arranged between the parties *without reference to the solicitor's or attorney's lien. His lien is only on the clear balance due to his client after all these equities are settled. But when other claims, arising out of different transactions and which could not have been a legal or equitable set-off in that suit, exist between the parties, the court ought not to divest the lien of the attorney or solicitor which has already attached on the amount recovered for the costs of that particular litigation. When a party applies to the equity of the court to prevent the solicitor from exercising his legal right to collect his costs, the equity of the solicitor to have those costs should be taken into consideration. When the solicitor has been at the labor and expense of prosecuting or defending a suit, it is equitable and just that his costs should be paid out of the result of that litigation. If the equities of the parties are equal they should be left to the exercise of their legal rights. If the solicitor can collect his costs by execution the court will not permit his client to interfere and deprive him of his remedy. But if he is obliged to resort to a suit in the name of his client, the adverse party may avail himself of any proper subject of off-set which existed previous

1829.

Dunkin
v.
Vandenbergh.

[*626]

to the time of the solicitor's lien. But a demand acquired after that time cannot be off set either at law, or by an application to the equitable powers of a court on motion.

In the case of *The Mohawk Bank* v. *Burrows*, (6 John. Ch. Rep. 317,) although the decision was against the application for a set-off, yet the reasoning of Chancellor Kent is undoubtedly in opposition to the opinion above expressed. He supposes the doctrine of the Supreme Court to be in accordance with the practice of the English Common Pleas; and he founds that opinion upon the loose expression in *Porter* v. *Lane*, which I have already shown applies to a different question. He has evidently overlooked the two cases of *Cole* v. *Grant* and *Devoy* v. *Boyer*, which were decided while he presided in that court, in both of which the decisions are in opposition to the practice of the Common Pleas, and in exact conformity to the rule of the Court of King's Bench. The case of *Taylor* v. *Popham*, cited by Chancellor Kent, was not a question of set-off, but a question between the solicitor of a *simple contract creditor and a bond creditor, whether his cost in a suit against the estate should be paid in preference to the debts due by specialty from the client, for which the estate was also liable. The solicitor petitioned to have his costs paid out of the funds recovered, and it was granted ; but on a rehearing Lord Eldon decided that the bond creditor had a prior equity to be paid out of the assets and disallowed the claim of the solicitor. The costs in the suit by the simple contract creditor against the estate were not decreed against any one ; but if the fund had eventually belonged to him, the solicitor would have been permitted to retain the costs out of the amount recovered. In the subsequent suits, against his client and the estate of his father, it appeared the fund did not belong to the client but to the executors of Lord Holland who were the specialty creditors. The whole fund was therefore disposed of as a subject of relief in the last suit. The reasoning of Lord Eldon must be understood in reference to such a state of facts, and is not in-

[*627]

consistent with the opinion expressed by him in *Hall* v. *Ody*, when he was chief justice of the Common Pleas. Mr. Justice Buller must have been misinformed as to the decision mentioned by him in *Vaughan* v. *Davies*, in 1795. There is no such case reported, and the practice of that court was understood to be different by the Lord Chancellor as late as 1806. In the first report of the case of *Taylor* v. *Popham*, (13 Ves. 61,) Lord Erskine says, " The lien of an attorney for his costs, as between him and his client, cannot be disputed. If an attorney employed to sue, recovers 500*l.*, and is entitled to tax the costs, and the client being a debtor to the defendant in that action to a greater amount than the sum recovered, did not plead a set-off, but afterwards brings an action and recovers a greater sum, that would not deprive the defendant in that action of his right to costs in the other. The attorney undertakes the suit upon the personal credit of the client, which has a good effect in preventing vexatious suits; as the attorney, unless he sees a probability of success, will not encourage the client. But by the result that the client is entitled to costs, it is admitted they are the costs not of the client but of the attorney ; the effect of his lien, *of which he is not to be deprived, unless satisfied by other means." This principle was not intended to be shaken in the subsequent decision of Lord Eldon. Lord Erskine carried the principle still further, and gave the solicitor a lien upon the fund to the exclusion of a prior lien which existed in favor of the specialty creditor. It was this part of the opinion of Lord Erskine which was subsequently found to be wrong. In the subsequent case, *Ex parte Rhodes*, (15 Ves. 539,) it is evident Lord Eldon did not intend to carry the principle any further than it is carried in *Porter* v. *Lane*, and in *Taylor* v. *Popham* ; for he refers to the form of proceedings in Chancery which is always to regulate the various claims between the parties, both as to damages and costs, so as to make a decree only for the net balance which is the result of equity between the parties in relation to

that suit or matter. But when a final decree has been made giving costs against a party on which the solicitor's lien has attached, there is no form of proceedings, neither have I been able to find any case, either in this court or in the English or Irish courts of Chancery, where the party against whom the decree was made, has been permitted to off set a judgment for debt or costs in relation to a distinct matter, either in the same or any other court, to the prejudice of the solicitor's lien. In a recent suit in the English Court of Chancery, the Vice-Chancellor refused to direct the costs of a suit in that court for which the complainant was liable, to be off set against the costs for which there was a judgment in his favor in the Court of King's Bench. He refers to the opinion of Lord Eldon, in *Taylor* v. *Popham*, but says " that case is not an authority for setting off against each other the costs of different causes in this court; and still less for setting off costs here against costs in the King's Bench, when it is clear that court would not permit the set off of costs there against the costs here." ( *Wright* v. *Mudie*, 1 Sim. and Stuart, 266.)

The application for a set-off in this case must be denied with costs.