## SUPREME COURT.

### VAN PELT agt. BOYER.

### THE SAME agt. THE SAME.

Where it appears from the papers that a claim of a defendant arising in a suit for costs, against the plaintiff, and before judgment has been *assigned to his attorney* to secure the latter for costs, and is not done *solely* or *principally* to defeat the plaintiff's right of *set off*, the assignment will be sustained.

An equitable right of set off must be such an equity as can be enforced by judicial action, not one arising merely from moral considerations.

A claim of a defendant against the plaintiff for costs, arising in an action, before judgment, is not a subject of set off by statute, not being upon contract or under a judgment.

*Westchester Special Term, September,* 1853.   In the suit first above entitled, the plaintiff obtained a judgment against the defendant for $322,54, which was docketed on the 10th of May, 1853.   In the second suit the defendant obtained a judgment against the plaintiff on a non-suit, for $220, and six cents costs, which was docketed on the 30th of May, 1853.   On the 28th of the same month the defendant assigned his claim for costs in the second suit to his counsel and attorney in such suit, the former of whom was one of his bail, and had indemnified another who was also his bail.   And the attorney swears that he and the counsel were, at the time of the assignment, entitled to the whole amount of the costs for their services and disbursements in the suit.   The plaintiff moves to set off so much of the judgment in the first suit as will be necessary for the purpose, in satisfaction of the defendant's judgment in the second suit.

R. W. Van Pelt, *Plaintiff, in Person.*

E. H. Hudson, *Attorney for Defendant.*

S. B. Strong, Justice.—The assignment was made, so far as appears from the papers, for the purpose of satisfying the claims of the defendant's attorney and counsel for their services and disbursements, and not merely or principally to evade the right which the plaintiff would, but for that, have had when the defendant's judgment was perfected, to have the judgment which was favorable set off against the one which was adverse to him. Had the transaction been solely or principally with a view of defeating the attainment of such right of set off, it would have been so far tainted with fraud that it should not, and could not have prevailed.

As the case stands, the only question is, whether there was, at the time of the assignment, an equity in favor of the plaintiff, which entitles him to this set off. By an equity I mean such as could have been enforced, and not such as might have arisen from moral considerations only, which cannot support judicial action. Set offs, whether at law or in equity are allowed, under the statute, only on demands arising "upon judgment or upon contract, express or implied." (2 *R. S.* 354, § 32; 174, § 40.) The defendant's claim when it was assigned was not under a judgment nor upon contract. It was not then a subject of statutory set off. Neither did it come within the equitable rule upon which this court has allowed one judgment to be set off against another for the plain reason that it had not then been fixed by a judgment. Where the right rests solely upon the judgment it never attaches until judgment has been actually entered on both sides. Per Cowen, J., in Graves agt. Woodbury, (4 *Hill,* 561;) Hackett agt. Connett, (2 *Edwards V. Ch. R.* 73.)

The motion must be denied, but as the plaintiff has acted as an assignee of an insolvent debtor, and in good faith, I shall not award any costs against him.