## SUPREME COURT.

### ROBERTS agt. CARTER.

### TERRY agt. ROBERTS.

Where the report of the referee was made, awarding a sum to the plaintiff, which, with all his interest therein, was assigned to his attorney, in consideration of services rendered by the attorney, and for moneys advanced to carry on the suit, and the attorney, on being substituted as plaintiff, entered judgment in his own name against the defendant, for the amount reported due, with the costs of the suit; and, subsequently, the defendant obtained judgment, on report of referee, against the original plaintiff, and moved to set off his judgment against the former,

*Held,* that such set-off could not be allowed. The attorney was not only the equitable assignee of the judgment to the amount of his costs, but the actual assignee, for a good consideration, of the whole judgment, before the latter judgment was obtained.

*New-York General Term, May,* 1859.
MOTION to set off judgments.

JOHN FITCH, *for motion.*
E. TERRY, *opposed.*

By the court—DAVIES, Justice. In July, 1857, the referee to whom these causes were referred made report therein,

awarding a sum in each.    In the last case, to the then plain-
tiff, Carter, the sum of $149.17.    Immediately on the report
being made, Carter assigned the same, and all his interests
therein, and in the cause, to Terry, his attorney, in considera-
tion of services rendered by Terry as his attorney, and for
moneys advanced by Terry to carry on the suit.    On such as-
signment being made, Terry caused himself to be substituted
as plaintiff, instead of Carter; and on the 23d of July, 1857,
perfected judgment against Roberts, for the sum of $319.56.
On the 3d of August, 1857, Roberts, on the report of the ref-
eree, made in his favor, perfected judgment against Carter for
the sum of $1040.12.    This judgment was appealed to the
general term, and there affirmed.    At a special term, Septem-
ber 14th, 1857, a motion was made to offset the judgment in
the first above entitled action, against the judgment in the sec-
ond above entitled action, and which, after hearing counsel,
was denied with costs, but leave was given to Roberts to move
for a stay of proceedings, to prevent Terry from proceeding to
collect his judgment, pending the appeal.

The motion for a stay came on before Mr. Justice ROOSE-
VELT, on the 9th of October, 1857, and an order was made
granting the stay, until the decision of the appeal in the first
above entitled action.    On appeal this order was affirmed at
general term, and the decision leaves us at liberty to consider
the question now presented, precisely as if no stay had been
granted.    We think the justice at special term was in error,
in holding that this court at general term had decided that
the lien of the attorney for his costs, and the rights which
he had acquired as the actual assignee, for value, of the
judgment against Roberts, before the recovery of the judgment
against his assignor, could be defeated by allowing the set-
off asked for.    We do not see that any such question was
decided, or intended to be decided, either by the general term
or the justice who heard the motion for a stay at the special
term.

Terry was an equitable assignee, to the extent of his costs, of
the judgment against Roberts, and an actual assignee for value

Roberts agt. Carter.

of the residue, before the recovery of the judgment of Roberts against Carter. The question presented for decision on this appeal is, whether, *on motion*, this court will allow the set-off, and thus deprive the attorney not only of his lien for costs, but of his rights as actual assignee of the judgment.

The cases are numerous where the courts have protected the lien of the attorney. And they proceed upon the principle that the court, in the exercise of its equitable powers, will protect the lien of the attorney to the extent of his costs, and this rule is equally observed and maintained, as well in courts of law as in equity. (*Dunkin* agt. *Vandenburgh*, 1 *Paige*, 622, *and cases there cited; Gihon* agt. *Fryatt,* 2 *Sand. S. C. Rep.* 638 ; *Sweet* agt. *Bartlett,* 4 *id.* 661 ; *Nash* agt. *Hamilton,* 3 *Abbott Pr. Rep.* 35 ; *Peckham* agt. *Barcalow, Lalor's Sup. to Denio, p.* 112 ; *Spear* agt. *Heyer,* 2 *W hit. Pr.* 255.)

In this court, it has been the practice to allow set-offs of judgments, though the effect would be to destroy the lien of the attorney for his costs. This rule and the reason for it are stated by SAVAGE, Ch. J., in *The People* agt. *N. Y. Com. Pleas* (13 *Wend.* 649). He there states that, in setting off judgments in the English courts, there is a difference between the king's bench and common pleas, in regard to the attorney's lien for his costs, the former holding that the costs are not to be set off but only the balance of the judgment after the costs are paid, the latter, that the costs may be set off, the lien of the attorney being subordinate to the equities of the parties.

He says that this court has long since adopted the principle of the English common pleas, that the equities of the parties were superior to those of the attorney. With high respect for the authority of these opinions, I cannot concur in the position that, as to the costs earned in the cause, the equities of the parties are superior to those of the attorney, by whose labor and efforts they have been acquired, and through whose instrumentality alone any right to them exists. I am unable to appreciate the force of the arguments by which it is maintained that B., having a judgment against A. for a debt due by A. to him, has a superior equity to take the earnings of A.'s

attorney to pay that debt, over the attorney who has earned the costs, and without whose labor they would not nominally be due to A. It seems to me, that the equities of the attorney are superior. He is entitled to the costs as the fruits of his labor, talents and skill, and this court does not permit his client to receive them in fraud of his rights. This subject is ably discussed by DALY, Judge, in *Ward* agt. *Syme* (9 *How.* 16). His argument seems to me unanswerable.

The court of exchequer in England and the court of chancery were inclined to follow the rule of the common pleas, but the decisions in each were conflicting, and in 1833, on the adoption of the new rules, the rule of the king's bench was made applicable to all the courts. The rule, therefore, adopted in this court from the common pleas of England, has been abandoned there, and has never been followed in the courts of chancery of this state, or in the superior court or court of common pleas. And it seems to me, that it has been abandoned in this court, especially in this district. If it has not, it is time that it was.

In *Peckham* agt. *Barcalow* (*Lalor's Sup. to Denio*, 112), where the facts are almost identical with those presented on this motion, the motion to set off a judgment assigned to an attorney was refused. The court, by BRONSON, J., say : " The assignment was made in payment of the costs due from the defendant to his attorney. I see no reason why this was not as good a consideration as though the attorney had paid so much money. The attorney's lien for his costs is not always protected against the equities existing between the parties. But I think he is the assignee of the judgment, and is entitled to the same protection as any other assignee."

The rule in the superior court is rigidly adhered to, which is, to sustain the lien of the attorney, whenever it can be done without infringing upon the statute of set-off, and that where his right to costs was established, the court would protect it so far as it could, " because, however the matter might be technically, the costs were in reality the property of the attorney." (*Smith* agt. *Lowden*, 1 *Sand. S. C. Reports*, 696 ; *Gihon* agt

*Fryatt*, 2 *Sand. S. C. Reports*, 638; *Sweet* agt. *Bartlett*, 4 *id.* 661.)

In all these cases, motions were made to set off judgments, the effect of which would be to deprive the attorney of his costs, and the same were denied. The rights of the attorney are protected in the court of common pleas. (*Ward* agt. *Wordsworth*, 1 *E. D. Smith*, 598.) The opinion of DALY, J., in this case, contains an elaborate review of all the cases on this point, and the practice of the different courts. And Judge HARRIS, referring to it in *Haight* agt. *Holcomb* (16 *How. Pr. Rep.* 163), says : " The whole subject has received at the hands of Judge DALY a more complete and thorough examination than I have met with elsewhere. The opinion itself is a fine specimen of juridical learning and sound argument."

We have seen that the supreme court of this state, in 1843, in *Peckham* agt. *Barcalow* (*cited supra*), refused to permit a set-off of judgments to defeat the attorney's lien. The same decision was made at special term, in the 2d district in 1853, by STRONG, Justice. (*Van Pelt* agt. *Boyd*, 8 *How. Pr. Rep.* 319.) EDWARDS, J., in *Spear* agt. *Heyer* (2 *Whit. Pr.* 255), in 1852, in this district, held, that the rule allowing a set-off of judgments, without reference to the attorney's lien for costs, was inequitable, and that where there had been an assignment of the costs by the party to his attorney, and before the opposite party had acquired a right of set-off, the assignment should be sustained, and he denied the motion to set-off.

In this case, the assignment was made by the client to his attorney, before the opposite party had obtained his judgment, and, consequently, before his right to a set-off existed. But, the precise point presented in this case has been decided at a general term in this state, and in accordance with the decision in this district, and in the superior court, and court of common pleas. In *Nash* agt. *Hamilton* (3 *Abbott's Pr. Rep.* 35), the general term, in the sixth district, held that, where a verdict and the judgment to be entered thereon were assigned by the plaintiff to his attorney, the assignment was effectual to prevent the defendant setting off a judgment, subsequently re-

covered in his favor against the plaintiff, against the judgment so assigned.

In that case, on the 3d of February, 1855, the plaintiff obtained a verdict, in an action for slander, of $75, and on the 5th of May, 1855, a judgment was entered on the verdict for $196.47 damages and costs. On the 3d of February, immediately on the verdict being rendered, the plaintiff assigned it to his attorney, for a valuable consideration. This consideration was to secure his attorney for services in the action, and for money lent to him and paid out for him as such attorney. On the 14th of February, 1855, the defendant recovered a judgment against the plaintiff, on a promissory note, in a justice's court, for $49.83 damages and costs, and which was docketed in the county clerk's office, April 5th, 1855.

The defendant paid to plaintiff's attorney, on account of the judgment, $145, and moved to set off his judgment against the plaintiff's judgment, and the court, at general term, held the set-off could not be made. In *Williams* agt. *Batterman* (4 *Barb.* 47), this court held that an attorney has a lien on a judgment recovered by him for his costs. He is equitably entitled to the costs as a compensation for his labor and expense of prosecuting or defending the suit. He is regarded as an assignee of the judgment, to the extent of the costs included therein. (*Citing* 1 *Paige*, 626; 15 *John.* 406.) And the court in that case also held that, being regarded as the assignee, to the extent of his costs, he was entitled to all the protection of an assignee.

In *Haight* agt. *Holcomb* (16 *How.* 160), HARRIS, Justice, held, that it was a well settled doctrine before the Code, that although costs were in form recovered by the prevailing party, and became a part of the judgment in his favor, yet the attorney was to be regarded as an equitable assignee to the extent of his costs, and his rights as such would be protected, and that this doctrine had not been changed by the Code.

This case was heard at general term (16 *How.* 173), and the judgment affirmed, the court holding that the attorney's lien should be maintained under, as well as before the Code,

Roberts agt. Carter.

and that it could be so maintained to the extent of the costs appearing by the roll. And such lien was maintained on the ground that the attorney was an equitable assignee of that portion of the judgment covering the costs in the action.

But, in the present case, the attorney was not only the equitable assignee of that portion of the judgment covering the costs, but he was the actual assignee for value of the whole judgment, before the plaintiff Roberts had obtained his judgment, and before his equity arose to set off sufficient of it to liquidate the judgment against him. It seems to me that this latter position is a conclusive answer to the motion to set off. (*Graves* agt. *Woodbury,* 4 *Hill,* 559.)

In the present case, the report of the referee and Carter's claim were assigned to his attorney, who, on the 23d of July, 1857, entered up judgment in his own name, for $319.56. On the 3d of August following, Roberts perfected and docketed judgment against Carter, for $1040.12, and now moves to set off sufficient of that judgment to satisfy the judgment assigned to Terry.

For the reasons above given, we think this cannot be done, and that the order at special term, allowing such set-off, should be reversed without costs, and said motion be denied.

CLERKE, Justice. I concur, without any reference to the liens of attorneys. Terry stands before us as an assignee of a claim transferred to him, before the recovery of judgment in the first suit. In the absence of any proof of fraud or want of consideration between Carter and Terry, we are to treat the latter precisely like any other person who might have been the assignee; and surely in such case, under the same circumstances, we never would have allowed the set-off.