# SUPREME COURT.

STRATFORD P. DAVIDSON AND ANOTHER agt. IGNACIO F. ALFARO
*et al.*

*Set-off of claim matured but not in judgment against judgment—when
allowed—Attorney's lien for costs.*

Where the *defendant is insolvent*, cross-demands, although independent,
will be enforced. When that element (*insolvency*) comes in, it is not
necessary that the plaintiffs' demand should be liquidated by judgment,
nor that the defendant's demand should even have matured. It is suf-
ficient if the plaintiff's demand *be due.*

To require an *undisputed* claim would practically put an end to the right
of equitable set-off. The line is really drawn at *uncertain damages,*
such as rest in the sound discretion of a jury.

The set-off (against a judgment) of a demand which has not been thus
liquidated will only be allowed on bill filed. It will not be allowed *on
motion* in a court either of law or equity.

In an action to compel an equitable set-off of plaintiffs' claim against A.,
*matured* but not in judgment, against judgment of A. against plaintiff,
assigned to his attorneys, where such attorneys *made no agreement to
receive an assignment* of the verdict, at any time previous to, or in antici-
pation of, its recovery, nor did they perform their services with any
view of receiving compensation by or through the verdict in case they
recovered one:

*Held,* that, when the attorneys took the assignment of the verdict, the
plaintiffs' right of equitable set-off had already attached. The cross
demands grew out of the same contract and A. was insolvent. The
attorneys knew these facts and they took, therefore, subject to the
equity in question.

*Held, further,* that without such knowledge the result would have been
the same on general principles applicable to the assignment of a non-
negotiable chose in action.

But the attorney's lien for costs can be protected. The present case is not
within the statute of set-offs but plaintiffs' rights flow from the inherent
powers of a court of equity. The attorney had an equitable lien for

his costs independent of, and long previous to, the assignment. As assignee of the verdict, the attorney's equity is inferior to that of the plaintiffs; but their equitable lien for the costs is superior and paramount, and a court of equity has power to protect such lien.

*Special Term, April,* 1877.

ACTION to compel equitable set-off of plaintiffs' claim against Alfaro, *matured,* but not in judgment, against judgment of *Alfaro* agt. *Plaintiff,* assigned to his attorneys, Coudert Brothers.

Prior to January 1, 1872, plaintiffs, who are bankers and brokers, made an agreement with Alfaro, employing him as their agent to obtain orders for the purchase and sale of stocks and gold. The agreement expired November 12, 1872.

On December 21, 1872, plaintiffs commenced action in this court against Alfaro to recover $550 and interest from November 11, 1872, for over-payments to Alfaro (previous to October, 1872) under the said agreement above his share of commissions on such orders.

Alfaro appeared and answered by Coudert Brothers, his attorneys, setting up a general denial, and alleging that on an accounting plaintiffs will be found indebted to Alfaro. No counter-claim was made. The action was referred to John Pyne, Esq. Trial commenced before him on January 8, 1875. Plaintiffs' case was closed in February, 1875, and from that time to August, 1876, the reference was continued, consuming altogether fifty-five days at a cost of $255 for referee's fees.

In February, 1876, when this action was commenced, the defendant had not offered his own testimony nor any affirmative defense against plaintiffs' claim. Three several stays of proceedings had been obtained by Alfaro, consuming several months, to enable him to put in supplemental answer setting up as a bar the recovery of the judgment by him in the superior court against the plaintiffs herein June 12, 1875. Subsequently to the commencement of this action the referee

decided against allowing the said judgment as a bar to plaintiffs' claim, and he thereupon reported in favor of the present plaintiffs against the defendant Alfaro for $636.81, and judgment thereon was entered on August 26, 1876, for that sum, besides $427.67 costs, making a total of $1,064.48.

Subsequently to the commencement of the said action in this court by plaintiffs against Alfaro, the said Alfaro, by Coudert Brothers, his attorneys, in February, 1873, commenced his action in the superior court against plaintiffs herein to recover damages for an alleged breach of the contract above mentioned. Plaintiffs answered, denying breach. The action was tried before a jury, and a verdict was recovered by Alfaro for $500 on January 28, 1875.

On February 1, 1875, the verdict was assigned by Alfaro to Coudert Brothers in payment of a debt for $375 due to the latter on certain promissory notes held by them against Alfaro, and of $125, on account of their services to Alfaro in the suits above mentioned.

The alleged damages for the breach of contract, and for which Alfaro recovered as above, accrued after November 1, 1872, and before November 12, 1872, the day on which the contract expired.

And at the time when such breach occurred, and long previously thereto, Alfaro was indebted to plaintiffs for his overdrafts on plaintiffs and their overpayments to him on the same contract, for the breach of which Alfaro subsequently prosecuted plaintiffs.

During the whole period commencing with the first indebtedness of Alfaro to plaintiffs, and continuing to the present time, Alfaro was wholly insolvent, and this fact was well known to Coudert Brothers, and they also knew all the circumstances connected with the matters in issue in each suit. They advised the defense in one and the prosecution in the other action.

Plaintiffs allege and prove the great delays to which they were subjected in conducting the trial of this action against

Alfaro before the referee.   The pleadings in that action show that they had no legal defense beyond that of compelling plaintiffs to establish their claim, and this was accomplished in the early stage of the trial.   The circumstances show that the only object in prolonging the trial was to prevent a set-off of plaintiffs' judgment against the judgment recovered by Alfaro against plaintiffs.   .

The Messrs. Coudert made no agreement to receive an assignment of the verdict at any time previous to, or in anticipation of, its recovery, nor did they perform their services with any view of receiving compensation by or through the verdict in case they recovered one.

When this action was commenced, an injunction was issued restraining defendants from issuing execution on their judgment against plaintiffs.   Subsequently, on an *ex parte* application by defendants, this injunction was dissolved, and defendant issued execution, and sheriff levied on plaintiffs. Plaintiffs thereupon paid judgments.

*S. F. & F. H. Cowdrey*, for plaintiffs.

*Coudert Bros.*, for defendants.

BARRETT, *J.* — A statutory set-off, on bill filed, is a matter of strict right.   Where the demands on both sides are liquidated by judgment, the case is brought within the provisions of the statute, and no other equity is needed.

That is not this case; for when the present action was commenced, the plaintiffs' demand, *although mature*, was not liquidated by judgment.

There is a class of cases, however, not specially provided for in the statute, in which equity affords relief.   Even before the statute, courts of chancery were accustomed to allow set-offs where there were mutual credits or where the demands were connected (*Story Eq. Jur.*, secs. 1434, 1435).   This was upon the ground either of the presumed intention of the

parties, or of what is called a natural equity (*Id.*). In this state, it is settled, by a long line of decisions, that *where the defendant is insolvent* cross-demands, although independent, will be enforced. Where that element, *insolvency*, comes in, it is not necessary that the plaintiff's demand should be liquidated by judgment (*Gay* agt. *Gay*, 10 *Paige*, 369; *Barber* agt. *Spencer*, 11 *id.*, 517; *Knapp* agt. *Burnham*, 11 *id.*, 333; *Pignolet* agt. *Geer*, 19 *Abb. P. R.*, 264), nor that the defendant's demand should even have matured. It is sufficient if the plaintiff's demand *be due* (*Lindsay* agt. *Jackson*, 2 *Paige*, 581; *Bradley* agt. *Angel*, 3 *Comst.*, 475; *Smith* agt. *Felton*, 43 *N. Y.*, 419; *Smith* agt. *Fox*, 48 *id.*, 674).

The contention that if the demand be not reduced to judgment, it must, at least, be undisputed or liquidated by a note or similar obligation is inadmissible. In *Knapp* agt. *Burnham* (*ubi sup.*), there was an open account as well as promissory notes, yet the chancellor observed, " that the defendants were not without remedy, if they could establish the fact that the complainant was insolvent, so that they *could not recover these demands* against him by an ordinary suit at law."

In *Smith* agt. *Felton* and *Smith* agt. *Fox*, the demands sought to be offsets were money on deposit with bankers.

Again, to require an undisputed claim would practically put an end to the right of equitable set-off. Why should a defendant admit, when mere questioning would throw the plaintiff out of court? The line is really drawn at *uncertain damages*, such as rest in the sound discretion of a jury (*Duncan* agt. *Lyon*, 3 *Johns. Ch.*, 358; *Livingston* agt. *Livingston*, 4 *id.*, 292; *Hepburn* agt. *Hoag*, 6 *Cow.*, 613).

The set-off (against a judgment) of a demand, which has not been thus liquidated, will only be allowed on bill filed. It will not be allowed *on motion* in a court, either of law or equity. The reasons are obvious; and if this distinction is kept in mind, the cases will be found to be entirely harmonious.

It is quite clear, both upon principle and authority, that

when the Messrs. Coudert took the assignment of the verdict, the plaintiffs' right of equitable set-off had already attached.

The cross-demands grew out of the same contract, and Alfaro was insolvent. The Messrs. Coudert knew these facts and they took, therefore, subject to the equity in question. Indeed, without such knowledge, the result must have been the same — on general principles applicable to the assignment of a non-negotiable chose in action.

The assignment was not in consummation of an original agreement between attorney and client, by which the former were to have the verdict in payment for their services. Unfortunately no such agreement was made.

The case, therefore, is not brought within the principle of *Zogbaum* agt. *Parker* (55 *N. Y.*, 120) and like cases.

But quite independent of the assignment, there is the attorney's lien for the costs. That, at least, can be protected. In *Nicoll* agt. *Nicoll* (16 *Wend.*, 446) the bill was filed to enforce a *statutory set-off*, and it was held that the lien could not be let in to obstruct the legal rights. " On motion," said Cowen, J., " the courts proceed without the statute; on bill filed or trial at law, they are within it and must obey it." That doctrine has since been repeatedly followed. But we have seen that the present case is not within the statute of set-offs, and that the plaintiffs' rights flow from the inherent powers of a court of equity " to put a stop to proceedings injurious or unconscientious " (*Stimson* agt. *Hart*, 14 *J. R.*, 74), and to do what " equity and justice demand " (*Smith* agt. *Felton, ubi sup.*). It was only where courts of equity were called upon to apply the statute of set-off that the power to protect the attorney's lien was denied. Where the appeal is to *inherent* equity, *Dunkin* agt. *Vanderburgh* (1 *Paige*, 622) and *Gridley* agt. *Garrison* (4 *id.*, 653) asserting such power, are still applicable.

As assignee of the verdict, the attorneys' equity is inferior to that of the plaintiffs; but their equitable lien for the costs is superior and paramount.

Davidson agt. Alfaro *et al.*

The payment of the judgment is no bar to relief. Such payment was involuntary. It was compelled after suit brought. It is a familiar principle that when a court of equity has acquired jurisdiction for one purpose, it may retain it generally; also, that when the whole merits are before the court, it will proceed and do complete justice between the parties by disposing of all questions between them.

"The jurisdiction having once rightfully attached," says STORY, "shall be made effectual for the purposes of complete relief."

It may be added that the injunction to restrain the enforcement of the judgment *pendente lite* was properly granted, and its dissolution *ex parte* must have been inadvertent or without careful consideration.

There must be judgment for the plaintiffs declaring them entitled to an equitable set-off, to the extent of the verdict and interest, and decreeing payment to that amount, but, under all the circumstances of the case, and as the plaintiffs only succeed in part, WITHOUT COSTS.