By the Court.—Speir, J.
The defendant Hexter appeals from an order staying his proceedings to collect by execution the unpaid balance of a judgment recovered. by him against Mr. Knox, which was left unpaid under a stipulation between the parties.
Hexter first obtained a judgment for damages for being kept out of possession of certain leased premises. Knox shortly after procured his judgment against Hexter for rent of the premises, part of which he had *504 not put into the possession of Hexter. This latter judgment has been reversed by the general term, on the ground that Hexter is liable only for the use of that part of the premises actually occupied by him, but is liable for the part so occupied. Knox has appealed to the court of appeals, and given a stipulation for judgment absolute if he be defeated on appeal, claiming to be entitled under the lease to a quarter’s rent. Should Hexter be allowed to collect from Knox the balance of his judgment under the decision of the trial term, he would still owe Knox for use of the premises actually occupied by him, even though Knox should not be entitled to recover the full quarter’s rent. Knox ought not to be denied the benefit of such appeal which would result from the order made at special term, and especially so in view of the alleged want of responsibility on the part of Mr. Hexter. It is therefore sufficient to sustain the order by the facts disclosed that Hexter was protected and secured, while Knox, on the contrary, was in peril and exposed to loss, and that the effect of the order under the stipulation will finally adjust -the rights of the parties between themselves.
It is claimed by counsel that the court had not the power to make the order. The rule as laid down in Chitty’s General Practice, vol. 1, page 666, is that the superior courts favor the equitable mode of adjusting-accounts between the same parties at common law, if there be cross-actions, or suits, and allow one judgment to be set off against the other, and sometimes even stay executions ' in an action till judgment has been obtained by the defendant by a cross-action so as to enable the latter afterwards to obtain an off-set (Masterman v. Malin, 7 Bing. 435). It is claimed that this authority cited by the elementary writer does not sustain the rule. It is true the case shows the rule obtained to support the motion for the set-off was discharged by the court; but not until the court had de *505 termined to make the rule absolute by granting it, and so communicated its decision to counsel, whereupon the counsel furnished an affidavit proving that the judgment in the suit sought to be stayed had actually been levied under a ca. sa. The reporter was consequently authorized to announce the rule as stated by Mr. Philips. On these priúciples relief has been granted in all the courts (Terry v. Roberts, 15 How. Pr. 65). It is the equitable control which they are authorized to exercise over the parties and proceedings in causes before such courts to promote equity and prevent injustice. The late chancellor of this State has said this power of a court of chancery to set off on motion, is the same as that of a court of common law, but that the jurisdiction of the court of chancery is more extensive than that of the common law court (Duncan v. Vandenburg, 1 Paige, 622). If no possible injury results to the parties by a stay of proceedings, it seems difficult to perceive why a stay of execution on a judgment for a brief period should not be granted, until a judgment has been obtained by the defendant, in a cross-action to enable him to make an off-set.
The subject matters of the two actions are such as justly call for a settlement, without further trial of issues of facts.
If, therefore, the order of the court below staying the proceedings on execution until the decision of the question of law involved will finally adjust the rights of the parties without gaining advantage or suffering harm from the fact that one judgment is prior in point of time to the other, the order should not be set aside.
The order appealed from must be affirmed with costs.
Freedman, J., concurred.