STRATFORD P. DAVIDSON and EDWARD R. JONES, Appellants and Respondents, v. IGNACIO F. ALFARO, FREDERICK R. COUDERT, CHARLES COUDERT, Jr., and LOUIS L. COUDERT, Appellants and Respondents.

SAME v. SAME.

*Equitable right of set-off — when allowed — power of court to protect an attorney's lien for costs.*

Prior to January, 1872, the defendant Alfaro made an agreement with the plaintiffs to act as their agent in obtaining orders for the purchase and sale of stock and gold, which agreement terminated November 12, 1872. December 21, 1872, plaintiffs commenced an action to recover $550 for over-payment to Alfaro, in which the latter appeared by Coudert Brothers. The action was referred, and on August 26, 1876, judgment was entered for the plaintiffs for $636.81 damages, and $427.67 costs.

In February, 1873, Alfaro, by Coudert Brothers, commenced an action in the Superior Court against the plaintiffs for a breach of the same contract, and on January 28, 1875, recovered a verdict for $500, which was assigned to Coudert Brothers, and subsequently and after the commencement of the present action collected under an execution against these plaintiffs.

February 25, 1876, this action was commenced to have the claim of plaintiffs against defendant, then in litigation, set off against the judgment of the Superior Court assigned to Coudert Brothers, on the ground that Alfaro was and had been insolvent.

*Held,* that the fact that plaintiffs' claim was unliquidated did not prevent the court, as one of equity, from allowing it to be set-off against the judgment, as it appeared that Alfaro was insolvent, and as the claims in both actions grew out of the same contract.

That the Coudert Brothers stood in no better position than their assignor.

That the fact that the judgment had been paid did not deprive plaintiffs of their right to a set-off, as the payment was involuntary and Coudert Brothers, to whom the payment had been made, were parties to the action.

That though, in an action to enforce a statutory right of set-off, the court cannot protect an attorney's lien for costs; yet where, as in this case, the applicant relies upon the inherent equity powers of the court, such lien will be protected and enforced.

Cross-appeals from a judgment, entered upon the trial of this action by the court, without a jury.

The plaintiff appealed from so much of the judgment as limited the set-off provided for in the judgment to the sum of $500. The defendants appealed from each and every part of the judgment.

The action was brought to have a claim of the plaintiffs against the defendant Alfaro, set-off against a judgment recovered by

him against them, and thereafter assigned to his attorneys ; it was commenced February 25, 1876.

The court found, among other things, that on or about the 20th day of November, 1872, the plaintiffs commenced an action in this court against the defendant Ignacio F. Alfaro, to recover the sum of $550.20, with interest from November 11, 1872, being the amount of certain over-drafts upon the plaintiffs by the said defendant Alfaro, in excess of the compensation to which he was entitled for his services under an agreement in writing made by and between the said plaintiffs and the said defendant, under which the said defendant Alfaro was employed to obtain orders for gold and stocks. That the said defendant appeared in the said action by the firm of Coudert Brothers, his attorneys, and put in an answer to the said complaint denying any indebtedness to the said plaintiffs; that on January 24, 1874, an order was entered in the said action referring the action. The trial thereof was commenced on the 8th day of January, 1875, and was terminated in August, 1876; that such trial was commenced in January, 1875, and there had been fifty-five attendances and adjournments ; that the plaintiffs' case was entirely closed after a very few meetings in the month of February, 1875, and the defendant then entered upon its defense, and in August, 1876, the said referee made his report, dated August 22, 1876, in favor of the plaintiffs for $495.72, amount due, and $141.09 interest thereon, amounting together to $636.81, and judgment was thereupon entered in favor of the plaintiffs against the defendant Alfaro, on August 26, 1876, for $636.81 damages and $427.67 costs, making a total of $1,064.48; that the said defendant Alfaro had no property liable to sale on execution, and that he had been since the commencement against him of the said action by the plaintiffs herein, on or about November 20, 1872, and is utterly insolvent.

That after the commencement of said action by said plaintiffs against the said Alfaro, and on or about the 15th day of February, 1873, the defendant Alfaro commenced his action in the Superior Court of the city of New York against the plaintiffs herein, for the recovery of damages for an alleged breach of the said contract between the plaintiffs and the said Alfaro; that a trial of such action was had, and a verdict obtained for the sum of $500 damages in favor

of the said defendant Alfaro, against the plaintiffs herein, on January 28, 1875, and that on such verdict judgment was rendered on the 12th day of June, 1875, for the sum of $813.53 for the said damages and for the costs of such action; that an appeal was taken from such and judgment to the General Term of the said Superior Court, the same was affirmed with costs, and judgment of affirmance was thereupon entered against the plaintiffs above named on the 14th day of December, 1875, for the sum of $93.50 for such costs, and that executions upon the said judgments were, at the time of the commencement of this action, about to be issued against the plaintiffs for the collection thereof; that all the legal proceedings in each of the actions hereinbefore mentioned have been conducted on behalf of the said Alfaro by the said firm of Coudert Brothers, as his attorneys and counsel; that they have had the entire charge and conduct thereof, and that the defendants composing the said firm of Coudert Brothers have, at all times since the commencement of the action herein first above-mentioned, been well acquainted with all the circumstances connected with the defense of such action, and with the prosecution of the action secondly above-mentioned, and that they have been during and since the said period well acquainted with the insolvent condition of the defendant Alfaro; that after the recovery of the verdict in the action in the Superior Court, by the defendant Alfaro, against the plaintiffs herein, and on the 1st day of February, 1875, the said Alfaro executed an assignment to the defendants, composing the said firm of Coudert Brothers, of the verdict rendered in the said action in the Superior Court, and the judgment to be entered thereon; that such assignment was made in payment of a certain indebtedness of the said Alfaro to Coudert Brothers, of $375, on his promissory notes, given for professional services in other matters, and of $125 on account of their services in the two actions hereinbefore mentioned; that such assignment was accepted by the said Coudert Brothers, with knowledge of the insolvency of the said Alfaro, but in good faith and in payment of a debt due them.

That at the time of the commencement of this action the plaintiffs obtained and served upon the defendants an injunction order, made by one of the justices of this court, restraining the defendants herein, among other things, from issuing any execution

on the judgments hereinbefore mentioned which had been obtained by the defendant Alfaro, against the plaintiffs, until the further order of this court; that on the day following the service of such injunction order the defendants herein made an *ex parte* application to the justice who had issued such order, and obtained from him an order vacating the same, and immediately thereupon issued an execution to the sheriff of the city and county of New York on the judgment so recovered as aforesaid, and the said sheriff thereupon on the same day, to wit, on February 28, 1876, collected from the plaintiffs herein the full amount due on such judgment; and as conclusions of law found that the plaintiffs, by virtue of the claim held by them against the defendant Ignacio F. Alfaro, set forth in their action against him in the Supreme Court, and also in their complaint in this action, are entitled to an equitable set-off for the amount recoverable on such claim, and for which judgment was entered in favor of the plaintiffs against the said Alfaro on August 26, 1876, in the sum of $1,064.46 damages and costs, and interest thereon, against the judgment recovered by the said Alfaro against the plaintiffs herein in the Superior Court of the city of New York on June 12, 1875, and against the sum of money heretofore paid by the said plaintiffs on such judgment, so far only however as applies to the sum of $500, the amount of the verdict in such action, and interest thereon from January 28, 1875, and that such set-off was superior to the assignment held by the defendants Coudert Brothers; that neither of the parties, plaintiffs nor defendants, were entitled to costs in this action as against the other.

*S. & F. Cowdrey*, for the plaintiffs. Both claims having arisen from the same contract, and the plaintiffs' claim having matured, although not in judgment, constituted an equitable set-off in favor of plaintiffs against the verdict and judgment recovered by Alfaro. (Story's Eq. Jur., §§ 1434, 1435; *Davis* v. *Austin*, 1 Ves., 247; *Hawley* v. *Cramer*, 4 Cow., 717; *Bush* v. *Lathrop*, 22 N. Y., 535; *McNeil* v. *Tenth Nat. Bank*, 46 id., 325; *Schafer* v. *Reilly*, 50 id., 67; *Smith* v. *Felton*, 43 id., 422, 423; *Clark* v. *Coit*, 1 Craig & Phil., 154; *Myers* v. *Davis*, 22 N. Y., 493; *Barber* v. *Spencer*, 11 Paige, 517; *Gay* v. *Gay*, 10 id.,

369; *Smith* v. *Fox*, 48 N. Y., 674; *Bradley* v. *Angel*, 3 N. Y., 475; *Lindsay* v. *Jackson, infra; Pignolet* v. *Geer*, 19 Abb., 264; *Trustees of Union College* v. *Wheeler*, 61 N. Y., 105, opinion of Dwight C., and cases cited; *Green* v. *Warnick*, 64 id., 224; *Crane* v. *Turner*, 67 id., 440.) This principle distinctly affirmed in *Zogbaum* v. *Parker* (55 N. Y., 123), and *Perry* v. *Chester* (53 id., 240). The insolvency of Alfaro gives the absolute right to plaintiffs to claim an equitable set-off against the judgment or any assignee thereof, although the plaintiffs' claim be unliquidated. (*Knapp* v. *Burnham*, 11 Paige, 332; *Cummings* v. *Morris*, 3 Bosw., 575; *Simson* v. *Hart*, 14 J. R., 74; *Bradley* v. *Angel*, 3 N. Y., 475; *Lindsay* v. *Jackson*, 2 Paige, 581; *Barber* v. *Spencer*, 11 Paige, 517; *Smith* v. *Felton, supra; Roberts* v. *Carter*, 38 N. Y., 107; *Crocker* v. *Claughley*, 2 Duer, 684; *Gay* v. *Gay, supra; Perry* v. *Chester, supra; Crocker* v. *Claughley*, 2 Duer, 684.) The payment by plaintiffs of the judgment recovered in the Superior Court was to the sheriff upon executions levied on their property. Being an involuntary payment, plaintiffs have not lost any right. (*Scholey* v. *Munford*, 60 N. Y., 501, and cases cited at page 499.) The only effect of the payment is, that although the fund is not in the hands of the court so as to be reached by injunction, the parties holding the fund (the Messrs. Coudert) are in court, and the court has jurisdiction over them and can do complete justice. (Story's Eq. Jur., § 64 *k;* Willard's Eq. Jur., 48; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 N. Y., 263; *Barlow* v. *Scott*, 24 id., 45; *Worrall* v. *Munn*, 38 id., 137.) The court having once had jurisdiction will retain it for all purposes. (*Hawley* v. *Cramer*, 4 Cow., 717; *Taylor* v. *Taylor*, 43 N. Y., 584.) The court erred in giving defendants' attorneys a lien for costs. (*Garr* v. *Mairet*, 1 Hilt., 498; *Moore* v. *Westervelt*, 3 Sandf., 764; *Bartle* v. *Gilman*, 18 N. Y., 260.) In case of insolvency, the costs are the subject of set-off equally as well as the amount recovered, and the attorney loses his lien. (*Purchase* v. *Bellows*, 16 Abb., 107; *Crocker* v. *Claughley*, 2 Duer, 684; *Stuyvesant* v. *Davies*, 3 Ed. Ch., 537.)

*Coudert Brothers*, for the defendants. The court below erred in limiting their lien to the costs. This lien extended to the full

compensation due the attorneys for their services, and costs are not the measure of such compensation. (*Marshall* v. *Meech*, 51 N. Y., 143; *Rooney* v. *Second Ave. R. R.*, 18 id., 368; *Ward* v. *Syme*, 9 How., 16; *Reade* v. *Dupper*, 6 T. R., 361; *Wright* v. *Wright*, 5 Weekly Dig., 97; *Brown* v. *Mayor*, 11 id., 25–28; *P. Duty* v. *Swift*, 10 id., 232; *Ely* v. *Cooke*, 9 Abb., 373.) The assignment being made in good faith and for a consideration was valid. (*Roberts* v. *Carter*, 38 N. Y., 107; *Ely* v. *Cooke*, 28 id., 374; *Perry* v. *Chester*, 53 id., 240; *Prouty* v. *Swift*, 10 Hun, 232.) As plaintiffs' demand against Alfaro was uncertain, disputed and unliquidated, it could not be set-off against a perfected judgment in a condition to be collected under execution. (*Myers* v. *Davis*, 22 N. Y., 489 ; *Gordon* v. *Bowne*, 2 Johns., 155; *Burgen* v. *Tucker*, 5 id., 107; *De Figaniere* v. *Young*, 2 Robt., 672; *Prouty* v. *Swift*, 10 Hun, 232; *Duncan* v. *Lyon*, 3 Johns. Ch., 359.)

DAVIS, P. J.:

On the decision of this case the learned court below pronounced the following opinion :

BARRETT, J.   A statutory set-off on bill filed is a matter of strict right.   Where the demands on both sides are liquidated by judgment, the case is brought within the provision of the statute, and no other equity is needed.   That is not this case, for when the present action was commenced the plaintiff's demand, *although matured*, was not liquidated by judgment.   There is a class of cases, however, not specially provided for in the statute, in which equity affords relief.   Even before the statute, courts of chancery were accustomed to allow set-offs where there were mutual credits, or where the demands were connected.   (Story Equity Jur., §§ 1434, 1435.)   This was upon the ground either of the presumed intention of the parties, or of what is called a natural equity.   (Id.)   In this State it is settled by a long line of decisions that, *where the defendant is insolvent, cross-demands, although* independent, will be enforced ; where that element (*insolvency*) comes in, it is not necessary that the plaintiff's demand should be liquidated by judgment.   (*Gay* v. *Gay*, 10 Paige, 369; *Barber* v. *Spencer*, 11 id., 517; *Knapp* v. *Burnham*, 11 id., 333; *Pignolet* v. *Geer*, 19 Abb. Pr. R., 264.)   Nor that the defendants' demand

should ever have matured. It is sufficient if the plaintiff's demand be due. (*Lindsay* v. *Jackson*, 2 Paige, 581; *Bradley* v. *Angel*, 3 Comstock, 475; *Smith* v. *Felton*, 43 N. Y., 419; *Smith* v. *Fox*, 48 N. Y., 674.)

The contention that if the demand be not reduced to judgment, it must at least be undisputed or liquidated by a note or similar obligation is inadmissible. In *Knapp* v. *Burnham* (*ubi. supra*), there was an open account as well as promissory notes, yet the chancellor observed "that the defendants were not without remedy if they could establish the fact that the complainant was insolvent, so that they *could not recover these demands* against him by an ordinary suit at law." In *Smith* v. *Felton*, and *Smith* v. *Fox*, the demands sought to be set-off were moneys on deposit with bankers.

Again, to require an undisputed claim would practically put an end to the right of equitable set-off. Why should a defendant admit, when mere questioning would throw the plaintiff out of court. The line is really drawn at *uncertain damages*, such as rest in the sound discretion of a jury. (*Duncan* v. *Lyon*, 3 Johns. Ch., 358; *Livingston* v. *Livingston*, 4 id., 292; *Hepburn* v. *Hoag*, 6 Cow., 613.) The set-off against a judgment, of a demand which has not been thus liquidated, will only be allowed on bill filed. It will not be allowed *on motion* in a court either of law or equity. The reasons are obvious, and if this distinction is kept in mind, the cases will be found to be entirely harmonious. It is quite clear, both upon principle and authority, that when the Messrs. Coudert took the assignment of the verdict, the plaintiffs' right of equitable set-off had already attached. The cross-demands grew out of the same contract, and Alfaro was insolvent. The Messrs. Coudert knew these facts, and they took, therefore, subject to the equity in question. Indeed, without such knowledge the result must have been the same on general principles applicable to the assignment of a non-negotiable *chose in action.* The assignment was not in consummation of an original agreement between attorneys and client, by which the former were to have the verdict in payment for their services. Unfortunately no such agreement was made. The case, therefore, is not brought within the principle of *Zogbaum* v. *Parker* (55 N. Y., 120), and like cases.

But quite independent of the assignment, there is the attorneys' lien for the costs. That at least can be protected. In *Nicoll* v. *Nicoll* (16 Wend., 446), the bill was filed to enforce a *statutory set-off*, and it was held that the lien could not be let in to obstruct the legal right. "On motion," said Cowen, J., "the courts proceed without the statute, on bill filed or trial at law they are within it, and must obey it." That doctrine has since been repeatedly followed; but we have seen that the present case is not within the statute of set-offs, and that the plaintiffs' rights flow from the inherent powers of a court of equity, "to put a stop to proceedings injurious or inconscientious." (*Stimson* v. *Hart*, 14 Johns R., 74.) And to do what equity and justice demand. (*Smith* v. *Felton* (*ubi. supra*). It was only where courts of equity were called upon to apply the statute of set-off, that the power to tect the attorney's lien was denied. Where the appeal is to *inherent* equity, *Dunkin* v. *Vanderbergh* (1 Paige, 622), and *Gridley* v. *Garrison* (4 id., 653), asserting such power, are still applicable.

As assignee of the verdict, the attorneys' equity is inferior to that of the plaintiffs; but their equitable lien for the costs is superior and paramount. The payment of the judgment is no bar to relief; such payment was involuntary; it was compelled after suit brought. It is a familar principle that when a court of equity has acquired jurisdiction for one purpose it may retain it generally; also, that when the whole merits are before the court, it will proceed and do complete justice between the parties by disposing of all questions between them. "The jurisdiction having once rightfully attached," says Story, "shall be made effectual for the purpose of complete relief.

It may be added that the injunction to restrain the enforcement of the judgment, *pendente lite*, was properly granted and its dissolution *ex parte* must have been inadvertent or without careful consideration. There must be judgment for the plaintiffs, declaring them entitled to an equitable set-off to the extent of the verdict and interest, and decreeing payment to that amount; but under all the circumstances of the case, and as the plaintiffs succeed only in part, without costs."

In all of the views of this opinion, necessary to the disposition

of the case, we concur. The mutual demands between the parties arose out of the same contract and the business done thereunder. There was an inherent equity in favor of the plaintiffs, entitling them to ask the interference of a court of equity *ex debito justitia.* This material fact distinguished the case from *Zogbaum* v. *Parker* (55 N. Y., 120).

While this is true in respect of the damages recovered by the defendant in his judgment against the plaintiffs, it is not true as regards the costs. The distinction in respect of costs where a party seeks to enforce a statutory right of set-off in a court of equity, and where he relies upon inherent equities independent of the statute, is well shown by the learned court in the opinion above cited. In the latter case the court of equity is at liberty to protect the attorneys' lien. The costs of the action awarded upon a recovery are no part of the judgment to which the purely equitable set-off attaches, and hence there seems to be no difficulty in upholding in this case the equitable lien of the attorneys for the costs recovered by the defendant.

The assignment of the judgment by the defendant to his attorneys was subject, for two reasons, to the equities of the plaintiffs: First. Because the attorneys had notice of the several facts upon which those equities depend, or out of which they spring; and, Second. Because the nature of the claim for which the verdict was recovered was such that the assignee was bound to take it subject to all existing equities.

Upon careful examination we see no reason to interfere with the judgment in any respect. Costs were in the discretion of the court below. Under the circumstances, the discretion seems to us to have been properly exercised.

The result is that the judgment should be affirmed on both appeals, without costs to either party as against the other.

Brady and Ingalls, JJ., concurred.

Judgment affirmed on both appeals, without costs to either party on the appeal.